## 53190. SECURITY INSURANCE COMPANY OF HARTFORD et al. v. GILL et al.

STOLZ, Judge.
In January 1971, it was discovered that the appellee, William Gill, had been embezzling from his employer for several years. The embezzlement was covered by employee dishonesty bonds issued by the appellant insurance companies. In May 1971, the appellants paid

Gill's employer for its loss, and on June 19, 1975, the appellants brought the instant suit against Gill for subrogation or reimbursement. Although the four-year statute of limitation had run, Gill failed affirmatively to plead that fact in his initial answer. Some months later, after having begun discovery but before the entry of a pre-trial order, Gill amended his answer to include an affirmative defense of the statute of limitation. Gill's subsequent motion to dismiss, based on the passing of the statute, was sustained. From that order the appellants appeal.

CPA § 8 (c), Code Ann. § 81A-108 (c) (Ga. L. 1966, pp. 609, 619, as amended), states, "In pleading to a preceding pleading, a party shall set forth affirmatively . . . statute of limitations . . ." It is the appellants' contention that CPA § 8 (c) requires that the statute of limitation must be pleaded in a party's initial pleading or it is waived. Therefore, they claim that failure to plead the statute in Gill's original answer barred him from later claiming its benefits. The appellant's theory as applied to the facts of the case sub judice is without merit, however.

CPA § 15 (a), Code Ann. § 81A-115 (a) (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694), allows a party to amend his pleading as a matter of course and without leave of the court at any time before the entry of a pre-trial order. In the instant case, Gill did exactly that, using the amended answer affirmatively to plead the statute of limitation. We must hold, especially in light of the relation-back provisions of CPA § 15 (c), Code Ann. § 81A-115 (c), supra, that a properly amended answer is a "pleading to a preceding pleading" within the meaning of CPA § 8 (c).

In support of our position is *Gauker v. Eubanks,* 230 Ga. 893 (4) (199 SE2d 771) (1973), in which the defendant-appellant failed to file the affirmative defense of laches in its original answer. Six months after the entry of an order by the court, without leave of the court or the consent of the adverse party, the defendant-appellant filed an amended answer claiming the affirmative defense. The Supreme Court held that the amended answer failed to meet the requirements of CPA § 15 (a), supra, and thus that the defense of laches was waived because it was

not pleaded pursuant to CPA § 8 (c), supra. The court then considered the appellant's laches claim on its merits, holding that "even if the amendment was properly before the court, the appellant's contention could not be sustained [on its merits]." 230 Ga. 900. By thus deciding the issue on its merits upon the assumption of a proper amendment, the Supreme Court implied that an affirmative defense raised by amendment, meets the requirements of CPA § 8 (c).

This result is the only logical one which this court can reach if we wish to retain the benefits of notice pleading while allowing a defendant the benefit of his statutory right to limitation of stale causes of action. The four-year statute of limitation in the case sub judice began to run on the date when the appellants paid Gill's employer. See *Reid v. Flippen,* 47 Ga. 273 (1) (1872). Yet the date of that payment was not supplied in the appellant's complaint. In fact, the appellants' complaint states that certain claim forms were not filed by the employer with the appellant insurance companies until May 1971. In May and June of 1971, Gill was no longer working for the employer from whom he had embezzled; he had been fired. Gill had no cause to know when the insurance company paid the employer. Therefore, it certainly would have been reasonable for Gill to assume that payment was not made by the appellants until after June 19, 1971, within four years of the complaint.

In a case such as that sub judice, how is a defendant to know at the time it files its original answer whether or not it has a statute-of-limitation defense? In many lawsuits, only through discovery can such information be obtained.

It should be noted that in this opinion we deal *only* with the affirmative defenses listed in CPA § 8 (c). The defenses of lack of jurisdiction over the person, improper venue, insufficiency of process, and insufficiency of service of process may not be pleaded by amendment to an original pleading. CPA § 12 (h) (1), Code Ann. § 81A-112 (h) (1) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231, as amended).

By this decision, "[w]e align ourselves with the vast majority of courts in holding that an affirmative defense may be raised by amendment." Ben P. Fyke & Sons, Inc. v.

The Gunter Co., 390 Mich. 649 (213 NW2d 134, 142) (1973) and cits.

*Judgment affirmed. Smith and Shulman, JJ., concur.*

ARGUED JANUARY 11, 1977 — DECIDED FEBRUARY 18, 1977.

*Swift, Currie, McGhee & Hiers, James M. Poe,* for appellants.

*Arthur P. Tranakos,* for appellees.