## 54949. PARNELL v. ETOWAH BANK.

DEEN, Presiding Judge.

Dr. R. Parks Parnell, Jr. appeals from an order of the State Court of Cobb County which granted Etowah Bank's motion for summary judgment and awarded plaintiff the sum of $11,000 together with interest of $10,840.22 and attorney fees of $16,102.47.

On December 30 and 31, 1974, and February 18, 1974, Santana Land Development, Inc., executed four promissory notes in favor of Etowah Bank; two notes due May 24, 1975, for $38,000 and $6,500, and two notes due June 21, 1975, for $45,800 and $6,500. These notes were secured by two tracts of land; one located in Pickens County and the other in Cherokee County. All of the notes contained guaranties of payment signed individually by Dr. Parnell. No payment of interest or principal was made by either Santana Land Development, Inc., or by Dr. Parnell. The security deed in Pickens and Cherokee

Counties were foreclosed upon on February 3, 1976, and Etowah Bank purchased all of the properties at a total purchase price of $85,000. Confirmation of the sale petitions was subsequently brought in the Superior Courts of Pickens and Cherokee Counties. After a hearing on the petitions on February 26, 1976, the sales were confirmed and orders of confirmation were issued by the court. On May 13, 1976, Etowah Bank filed a complaint for the deficiency against Dr. Parnell in the State Court of Cobb County seeking recovery of $11,000 principal plus interest and attorney fees. Dr. Parnell answered the complaint and filed a motion for summary judgment. Etowah Bank also filed a motion for summary judgment. Both motions were denied by the court on November 17, 1976, after a hearing. On November 18, 1976, Etowah Bank filed a second motion for summary judgment and Dr. Parnell filed an affidavit in opposition to it. After a hearing on the motion, the trial court entered an order on March 24, 1977, granting summary judgment to Etowah Bank. Dr. Parnell appeals alleging three enumerations of error.

1. Appellant contends that the trial court erred in granting summary judgment. "On a motion for summary judgment the burden of establishing the nonexistence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence. [Cit.]" *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429) (1973). Appellant complains that he did not receive proper notice of the confirmation hearings held in the Superior Courts of Pickens and Cherokee counties. The record includes certified copies of the petitions for confirmation and of the orders of confirmation issued by the superior court in each county. The appellee has, therefore, met his burden of establishing the non-existence of a material fact as to that issue because both of the orders contain a finding that ". . . Santana Land Development, Inc., Dr. R. Parks Parnell, Jr., and Wesley C. Young, the debtors, were given at least five (5)

days' notice of this hearing as directed by the court, . . ." Appellant's attempt to collaterally attack these orders in the State Court of Cobb County is without merit because Code Ann. § 110-501 provides that "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Appellant's remedy for his claim of lack of notice of the confirmation hearing was a complaint in equity in the Superior Courts of Pickens and Cherokee Counties. Therefore, the trial court did not err in granting summary judgment as to the principal and interest.

Appellant also complains that he was not served with notice to recover attorney fees. In his affidavit in opposition to appellee's motion for summary judgment, appellant contends that he ". . . has never been served with process or other legal notice from Etowah Bank regarding any guaranty, surety, or other evidence of indebtedness." Attached to appellee's complaint is the copy of a letter dated March 11, 1977, addressed to appellant titled "Notice of Attorney's Fees." At the bottom of the letter is a notation "Certified mail—return receipt requested." However, no copy of the return receipt is attached. Included in the record is an affidavit of appellee's counsel "That on March 12, 1976, a letter notifying Dr. R. Parks Parnell, Jr. of the impending suit, based upon his contract of guaranty and the intention to collect attorney fees, was deposited in the United States mail under the designation of "certified mail." It is well established that "[w]hen it is shown that a letter was properly addressed, duly stamped, and mailed, a prima facie inference of fact may be drawn that it was received by the addressee." *Burch v. Americus Grocery Co.,* 125 Ga. 153, 158 (3) (53 SE 1008) (1906). However, appellant's denial that he ever received the letter raises a material question of fact to be resolved by the jury. Therefore, the trial court erred in awarding attorney fees to appellee.

2. In his second enumeration of error, appellant contends that appellee's letter of March 11, 1976, entitled "Notice of Attorney's Fees" and attached to appellee's

complaint does not comply with the provisions of Code Ann. § 20-506 and therefore does not authorize the lower court's award of attorney fees. An examination of the letter indicates that appellee lists a note ". . . dated December 13, 1974, in the principal sum of $38,000.00 due on May 24, 1975 . . ." as being in default. None of the four notes in the record, however, bears this date and therefore the notice is insufficient as a matter of law as to one note dated December 30, 1974, in the principal sum of $38,000 due on May 24, 1975. The other three notes all contain the dates specified in the letter and the notice as to them is valid if the jury finds that appellant did in fact receive notice of appellee's intent to collect attorney fees.

3. In his third enumeration of error, appellant contends that the court below erred in granting summary judgment for interest. There is no merit in this enumeration. Appellee's calculations which were considered by the trial court in making the interest award are based upon provisions contained in all four notes.

*Judgment affirmed in part; reversed in part. Smith and Banke, JJ., concur.*

ARGUED JANUARY 3, 1978 — DECIDED JANUARY 26, 1978 — REHEARING DENIED FEBRUARY 14, 1978 — ▆▆▆▆▆▆▆▆

*Blanton & Fudge, Gerald W. Fudge,* for appellant. *Herbert Buffington, Clyde J. Gober, Jr.,* for appellee.