## 73804. BAILEY et al. v. KEMPER GROUP.

(356 SE2d 695)

BIRDSONG, Chief Judge.

Statute of Limitations — Dismissal on Pleadings. On January 27, 1982, Howard Bailey worked for Great Dane Trailers, Inc., operating a punch press machine manufactured by one of the defendants, Cincinnati, Inc. On that date he suffered a crushing amputation of his

right thumb. On January 26, 1984, on the last day before the bar of a suit by the statute of limitations, Bailey brought suit against his employer, his employer's insurer as a John Doe (unknown) entity, and the manufacturer of the punch press, but under an improper company name. On July 13, 1984, approximately five months beyond the two-year period during which a personal injury action may be brought, Bailey moved the trial court for an order adding Kemper Group as the actual insurer in place of the John Doe insurer and Cincinnati, Inc. as the manufacturer. By order of August 2, 1984, these two new defendants were added to the original filing on January 26, 1984. On November 13, 1984, Bailey amended his original complaint to correct the names of the actual defendants from John Doe Insurance Company to Kemper Group and Cincinnati-Millicron Marketing Co., Inc. to Cincinnati, Inc. On that same date, Bailey filed a recasted complaint, deleting his employer Great Dane Trailers, Inc. as a defendant (presumptively because of the employer's workers' compensation status) and adding Kemper Group and Cincinnati, Inc. as the only two defendants. On January 2, 1985, Kemper Group filed its answer to the recast complaint of November 13, 1984, and as its second defense alleged the recast complaint was barred by the statute of limitations.

As part of his complaint, Bailey alleged that Kemper as an insurer issued a policy covering the employer; that Kemper undertook negligently conducted safety inspections including the area of the plant and the machine wherein Bailey was injured. He alleged that these negligent inspections resulted in his injury and further that Kemper failed to warn him of the danger. Kemper, in answer to interrogatories, admitted it had issued a policy of insurance to Great Dane which policy was in effect at the time of the accident. It specifically denied that it insured the machine causing Bailey's injury, and did not insure Bailey or any other of Great Dane's employees. It provided general liability coverage (apparently for exterior premises and vehicles) but specifically excluded insurance for bodily injury to an employee. While the insurance did provide workers' compensation coverage, such coverage did not apply in Georgia, Great Dane being a self-insurer within this state.

Following the filing of the pleadings and limited discovery, Kemper Group on May 30, 1986, moved for partial judgment on the pleadings as to the personal injury suit by Bailey on grounds of the statute of limitations. The consortium action filed by Mrs. Bailey as a part of the same suit was not made a part of Kemper Group's motion. The trial court apparently examined the evidence for in its order the court reflected there was no evidence to support a finding that Kemper Group received notice of the action or that but for an error in identification, the action would have been brought against the Kemper

Group. Thus, the trial court granted Kemper Group's motion to dismiss the action as filed by Howard Bailey. Bailey brings this appeal asserting error in the dismissal of his action against Kemper Group. *Held*:

It is clear from the face of the pleadings that the injury took place on January 27, 1982, and that Kemper Group was notified it was a party to the action on November 13, 1984, well beyond the expiration of the two-year statute of limitations applicable to a personal injury action. In its answer, Kemper specifically raises as a defense that the action was barred by the statute of limitations.

The issue raised by the two parties before us in this appeal relates to the question: upon whom does the burden of proof lie? Bailey contends that the ruling of the court was in the nature of a partial summary judgment and thus the burden as movant lay upon the Kemper Group to show that there was no issue of fact as to the applicability of the statute of limitations. Bailey argues that under the provisions of OCGA § 9-11-12, the recast pleadings related back to the original pleadings which concededly were filed within the statute of limitations. Bailey continues his argument that there remains an issue of fact for a jury to decide as to whether Kemper Group had received notice of the litigation or that, except for an error, Kemper Group would have been the party against whom the litigation would have been brought. Kemper Group, to the contrary, argued successfully before the trial court that because the pleadings showed affirmatively that the injury was incurred more than two years before it was made a party to the litigation, Bailey had the burden, in his complaint, to show the complaint was not subject to the statute of limitations.

When an unidentified party is sued as "John Doe" and service as to the unknown party is successful within the statute of limitations, an amendment to the complaint relates back to the filing of the original complaint. OCGA § 9-11-15 (c). Where service has not been effected successfully on the John Doe party within the statutory time of limitations, the test of OCGA § 9-11-15 (c) applies. *Sims v. American Cas. Co.*, 131 Ga. App. 461, 481 (6) (206 SE2d 121).

That test provides that service of an amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the added or changed defendant has in reality (even if informally) received notice of the institution of the action so that he will not be prejudiced in maintaining his defense on the merits, and/or knew or should have known that but for a mistake concerning the identity of the real party to the action, that the action would have been brought against him.

Thus in order to avoid the bar of the statute of limitations, it is necessary that the substitution of a party defendant after the normal time to file complaint has expired, have notice of the pending action

prior to the substitution or that there be evidence that the failure to notify the real party was the result of an obvious mistake and it is apparent that the substituted party was the apparent defendant and the action always was against him.

It is clear from this record that the appellee Kemper Group was not on notice of a suit prior to the expiration of the two-year period of limitation. There was no insurable interest shown other than by conclusory allegations in Bailey's recasted complaint, all denied, that would have caused the employer to file a notice of injury or potential claim under its policy which provided only general liability with the Kemper Group. There being an express denial that the press, or employee injuries were insurable interests, there was no evidence that Kemper Group would have been made a party in due course. Facially therefore, the statute of limitation defense was meritorious inasmuch as the cause of action arose more than two years prior to the substitution of Kemper Group. In order for Bailey to invoke the tolling of the period of limitations, Bailey's complaint necessarily had to contain an allegation that Kemper was on notice or should have been on notice except for a mistake as to the real party because Kemper Group knew the action would have been brought against it. *Mullins v. Belcher*, 159 Ga. App. 520 (2) (284 SE2d 35). Bailey has offered no amendment to his pleadings to overcome the defense of statute of limitations. Neither has Bailey offered affidavits or other evidence other than his conclusory pleadings that some sort of notice would have been due the Kemper Group or that Kemper Group was not served because of a mistake. The result was that the affirmative defense of statute of limitations appeared on the face of the complaint and the trial court on that showing alone granted the motion to dismiss. Were we to hold that a motion to dismiss was improperly granted solely because Bailey might have a defense to the running of the statute of limitation, the purpose and intent of the CPA would be frustrated. When a complaint shows on its face that the statute of limitation has run and there is no further showing by amendment or by affidavit that a tolling of the statute is possible, a motion to dismiss the barred claims properly is granted. *Mullins v. Belcher*, supra at p. 521 (2); *Leggett v. Benton Bros. Drayage &c. Co.*, 138 Ga. App. 761, 768 (227 SE2d 397).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 10, 1987.

*Lester B. Johnson III*, for appellants.
*Charles W. Brannon, Jr.*, for appellee.