## 77432. HARPER v. MAYOR & ALDERMEN OF SAVANNAH.
### (380 SE2d 78)

BEASLEY, Judge.

Harper appeals the grant of a directed verdict to the defendants in his suit for wrongful conversion of a motorcycle. The case previously appeared before us. *Harper v. Savannah Police Dept.,* 179 Ga. App. 449 (346 SE2d 891) (1986). As a result of the reversal there effected, the trial resulting in this appeal was conducted.

The transcript and record show that on November 5, 1979, police officers were called to a home by a 15-year-old girl's father who complained that he had found her naked and drunk in the attic of the home, which belonged to a third party. Harper and the girl had apparently been seeing each other. When the police arrived, they saw Harper running from the scene. In the front yard was a motorcycle. It had no tag, and two of the serial numbers appeared to have been altered. At the time of its seizure, the officers were treating the investigation as one of child abuse or rape. Harper was eventually charged with providing alcohol to a minor. He was arrested and inquiries were made by his family concerning the motorcycle. All were told that defendant could reclaim it by proving ownership and paying the storage cost.

Harper became incarcerated for conviction of an unrelated felony and filed suit pro se in October 1983 against the "Savannah Police Department, the City of Savannah, Georgia, and yet unidentified employees . . ." seeking damages for the loss of the motorcycle, the loss of its use, and punitive damages.

Up to trial, no proof of ownership had been provided and the motorcycle was still in the custody of a towing company under contract with the city.

Following remand after the first appeal, Harper was served with the answers to interrogatories naming the individual police officers. He amended his complaint to add them.

1. Harper's first enumeration urges error in the court's ruling that the individual defendants were not parties to the suit.

OCGA § 9-11-10 provides that a complaint may designate a party whose name is not known by any name and when the true name is determined, "the pleading may be amended accordingly." OCGA § 9-11-15 allows for amending pleadings to change parties at any time before the pretrial order is entered, or thereafter with permission of the court or consent of the adverse party. No pretrial order was en-

tered in the case until May 1988. Section 9-11-15 (c) further provides that such an amendment will relate back for purposes of the applicable statute of limitation "if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." While that section refers only to "changing parties," it has been held to refer to adding or dropping parties, as well as substituting new parties for those earlier joined. *Cobb v. Stephens*, 186 Ga. App. 648, 649 (368 SE2d 341) (1988).

Where one has filed a complaint naming a "John Doe" defendant, as Harper did here, the requirements of OCGA § 9-11-15 (c) must be met before the amendment substituting the named party will relate back to the date of the complaint, if service has not been effected before the expiration of the statute of limitation. *Bailey v. Kemper Group*, 182 Ga. App. 604, 606 (356 SE2d 695) (1987); *Larson v. C. W. Matthews Contracting Co.*, 182 Ga. App. 356, 357 (2) (356 SE2d 35) (1987); *Sims v. American Cas. Co.*, 131 Ga. App. 461, 481 (6) (206 SE2d 121) (1974). This is the procedure referenced in our earlier opinion in this case.

The burden of showing compliance with Section 15 (c) is on the plaintiff. *Bailey*, supra. No showing has been made.

None of the officers was ever served with the summons and complaint as required by OCGA § 9-11-4 (d) (7); *Trammel v. Nat. Bank*, 159 Ga. App. 850, 851 (1) (285 SE2d 590) (1981). The claims alleged by Harper are for damage to personal property and/or for return of the property. The statute of limitation for either is four years. OCGA §§ 9-3-31; 9-3-32. The original complaint had been filed shortly before the statute expired.

"When a complaint shows on its face that the statute of limitation has run and there is no further showing by amendment or by affidavit that a tolling of the statute is possible, a motion to dismiss the barred claims properly is granted. [Cits.]" *Bailey*, supra at 607. Thus, the required showing not having been made, the court's denial of the amendment was not error.

Although the court below explained its denial of the motion by stating that it was based on failure to serve within a reasonable time, a ruling right for any reason will be affirmed. *Dorminy v. Dorminy*, 242 Ga. 326 (249 SE2d 49) (1978); *Nat. Consultants v. Burt*, 186 Ga. App. 27, 33 (2) (366 SE2d 344) (1988).

2. Before the jury was called, the city moved that the answers to interrogatories not be allowed as documentary evidence. Harper had listed them as such on his pretrial order submission. The court cor-

rectly ruled that such responses are not evidence and could not be used except in impeachment of the city's witnesses. OCGA §§ 24-1-1 (1); 9-11-26 (b) (1).

3. Harper's third, fourth and fifth enumerations allege error in the court's direction of a verdict at the close of his case. Harper argues that the court's grant of directed verdict was improper because it was based in part on sovereign immunity under OCGA §§ 36-33-1 & 36-33-3. As pointed out in *Harper*, supra, suit against the city is barred as to any tort claim. *Harper*, supra at 449 (2).[1] The only viable claim which remained was that of an implied contract of bailment. OCGA § 44-12-40; *Davidson v. Ramsby*, 133 Ga. App. 128, 131 (5) (210 SE2d 245) (1974).

There was no evidence presented by Harper of his delivery of the motorcycle to the police. In fact he denied doing so. Thus, no bailment was shown as a matter of law. OCGA § 44-12-40; *Davidson*, supra.

4. The fifth enumeration reflects a strategic choice made by Harper in the course of the trial. The fact that the trial did not develop as anticipated by him in this regard is no ground for reversal. See *Chenault v. State*, 234 Ga. 216, 220 (2) (215 SE2d 223) (1975).

5. Finally, Harper alleges in his brief that he was threatened by an unnamed sheriff or bailiff not to interrupt the court or defense counsel and not to argue with the court and that these threats chilled his presentation. Factual allegations made in briefs will not be considered by this court. *Jones v. State*, 185 Ga. App. 595 (1) (365 SE2d 153) (1988).

*Judgment affirmed. Bank, P. J., and Birdsong, J., concur.*

DECIDED MARCH 8, 1989.

Michael Harper, *pro se.*
*Miriam D. Lancaster, James B. Blackburn*, for appellees.

---

[1] The record and transcript are devoid of any proof of purchase of insurance by the city which would amount to a waiver pursuant to *Martin v. Ga. Dept. of Public Safety*, 257 Ga. 300 (357 SE2d 569) (1987); *Brockman v. Burnette*, 184 Ga. App. 66, 67 (360 SE2d 655) (1987).