A97A1150. MILBURN v. NATIONWIDE INSURANCE COMPANY.
(491 SE2d 848)

ANDREWS, Chief Judge.

Charles Milburn was injured in the performance of his duties as a Georgia State Trooper when he lost control of his car and crashed into a guardrail while engaged in a high speed chase of a car driven by a criminal suspect. Milburn sued the driver of the car he was chasing to recover for personal injuries he suffered in the crash and served a copy of the action on his uninsured motorist carrier, Nationwide Insurance Company, pursuant to OCGA § 33-7-11 (d). Milburn appeals from the trial court's grant of Nationwide's motion for summary judgment which asserted the action was barred by (1) the statute of limitation, and (2) the "fireman's rule" as applied to police officers.

1. Milburn claims the trial court erred by granting summary judgment to Nationwide on the basis of the statute of limitation.

The high speed chase and accident occurred on January 2, 1994. On December 26, 1995, within the two-year limitation period of OCGA § 9-3-33 applicable to actions for personal injury, Milburn filed an action for his personal injuries arising out of the crash and named as defendant, "John Doe," the alleged unknown operator of the car he was chasing. Nationwide was served with the action pursuant to OCGA § 33-7-11 (d) as Milburn's uninsured motorist carrier.[1] After Nationwide answered in its own name, Milburn voluntarily dismissed the action without prejudice on February 12, 1996. On June 3, 1996, Milburn refiled the action, after the expiration of the two-year limitation period, but within six months of the dismissal pursuant to the renewal provisions of OCGA § 9-2-61 (a).

In the renewed action, instead of naming an unknown "John Doe" as defendant, Milburn named Joe Harris as the known defendant who operated the car he was chasing. On June 19, 1996, Milburn amended the renewed action by showing that the defendant, Joe Harris, was also known as Larry Gene Wimberly. Nationwide, which

---

[1] Although Milburn's prior "John Doe" action and Nationwide's answer are not part of the record, these facts appear undisputed in the statement of facts presented by both parties on appeal. Accordingly, we accept them as true. Court of Appeals Rule 27 (b) (1).

was again served as Milburn's uninsured motorist carrier in the renewed action, answered in its own name and moved for summary judgment asserting various defenses available to the defendant.

Before Nationwide could be held accountable on its contractual obligation to Milburn to provide uninsured motorist coverage, Milburn was required as a condition precedent to "first sue and recover a judgment against the uninsured motorist, whether known or unknown." (Citations and punctuation omitted.) *Boles v. Hamrick*, 194 Ga. App. 595, 596 (391 SE2d 418) (1990); *Smith v. Phillips*, 172 Ga. App. 459, 460 (323 SE2d 669) (1984); *State Farm Mut. Auto. Ins. Co. v. Noble*, 208 Ga. App. 518, 519-521 (430 SE2d 804) (1993). (The judgment requirement may also be satisfied by the procedural devices of service by publication against a known defendant who cannot be located or by a "John Doe" action against an unknown defendant.) Pursuant to OCGA § 33-7-11 (d), Nationwide was entitled to be served in Milburn's original and renewed actions against the uninsured motorist and was entitled to answer and present any defenses which would be available to the defendant. Moreover, the filing of pleadings by Nationwide in its own name did not eliminate the requirement that Milburn obtain a judgment against the defendant uninsured motorist. *Boles*, supra at 596.

Nationwide asserted its statute of limitation defense in the renewed action pursuant to various claims that the action filed on June 3, 1996, after the expiration of the applicable two-year statute of limitation, was not properly renewed under OCGA § 9-2-61 (a) or that service on the defendant was untimely and, therefore, the action was barred.

(a) First, Nationwide contended that the original "John Doe" action was void and incapable of being renewed under OCGA § 9-2-61 (a) because Milburn knew or should have known when he filed the action that Wimberly was the driver of the other car, and a "John Doe" action cannot be brought against a known defendant. *State Farm Mut. Auto. Ins. Co. v. Godfrey*, 120 Ga. App. 560 (171 SE2d 735) (1969); *Kannady v. State Farm Mut. Auto. Ins. Co.*, 214 Ga. App. 492, 494-495 (448 SE2d 374) (1994).

As a statute remedial in nature, OCGA § 9-2-61 (a) "is construed liberally to allow renewal where a suit is disposed of on any ground not affecting its merits . . . [D]ismissal and renewal does not apply to cases decided on their merits or to void cases, but it does allow renewal if the previous action was merely voidable. The original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit. A suit is also void and incapable of renewal under OCGA § 9-2-61 (a) if there has been a judicial determination that dismissal is authorized. However, unless and until the trial court enters an order dismissing

a valid action, it is merely voidable and not void." (Citations and punctuation omitted.) *Hobbs v. Arthur,.* 264 Ga. 359, 360 (444 SE2d 322) (1994).

Assuming, without deciding, that Nationwide could have successfully asserted the known defendant defense in the original "John Doe" action, that action was voluntarily dismissed before any such defense was raised. Milburn's filing of the "John Doe" action with service on Nationwide pursuant to OCGA § 33-7-11 (d) constituted a valid, pending action on its face, and "unless and until the trial court enters an order dismissing a valid action, it is merely voidable and not void." *Hobbs,* supra at 360. Since Milburn's original action was voidable rather than void, it was capable of being renewed under OCGA § 9-2-61 (a). Nationwide's additional contention that the original "John Doe" suit was void because Milburn failed to serve the known defendant in that action is merely a restatement of the same defense. These arguments provided no basis for summary judgment in favor of Nationwide.

(b) Second, Nationwide argued that the second action was not a valid renewal under OCGA § 9-2-61 (a) capable of suspending the statute of limitation because it was brought against a known defendant different from the "John Doe" named as defendant in the prior suit. " '[OCGA § 9-2-61] may not be used to suspend the running of the statute of limitation as to defendants different from those originally sued.' [Cits.]" *Reedy v. Fischer,* 193 Ga. App. 684, 685 (388 SE2d 759) (1989). Where, however, the defendants in the original and renewed actions, though designated by different names, are substantially the same, the renewal provisions of OCGA § 9-2-61 (a) remain effective. *Wofford v. Central Mut. Ins. Co.,* 242 Ga. 338, 339 (249 SE2d 21) (1978); *Sheldon & Co. v. Emory Univ.,* 184 Ga. 440 (191 SE 497) (1937).

"The name 'John Doe' is, and for some centuries has been, used in legal proceedings as a fictitious name to designate a party until his real name can be ascertained." Black's Law Dictionary 750 (5th ed. 1979); see OCGA § 9-11-10 (a). When a plaintiff voluntarily dismisses a cause of action against a party defendant designated as "John Doe" whose real name is unknown and later discovers the defendant's true name and renews the same cause of action against the party defendant designated by his true name, the defendants are in substance identical. In that case, the renewal action may claim the benefit of the tolling of the statute of limitation for the six-month period set forth in OCGA § 9-2-61 (a). There was no merit to Nationwide's claim that the second suit was barred by the statute of limitation because Milburn renewed the action against a different party defendant.

(c) Thirdly, Nationwide contended it was entitled to summary judgment because the known defendant substituted in the renewed

action for the "John Doe" defendant in the previous action was not served prior to the expiration of the statute of limitation, and there was no evidence that the relation back requirements of OCGA § 9-11-15 (c) had been satisfied to prevent the bar of the statute of limitation.

The previous action designating "John Doe" as defendant was voluntarily dismissed after the expiration of the statute of limitation and timely renewed within the six-month period of OCGA § 9-2-61 (a). Accordingly, the renewed action stood on the same footing as to limitation with the prior action. *Atlanta Country Club v. Smith*, 217 Ga. App. 515, 516 (458 SE2d 136) (1995). In the place of "John Doe," the renewal action substituted a known defendant who had not been served within the two-year statute of limitation. Where a defendant is designated as an unknown "John Doe" and not served in an action, and in a subsequent renewal of the action, the defendant is named, substituted in place of "John Doe" and served after the expiration of the statute of limitation, the provisions of OCGA § 9-11-15 (c) govern whether the known defendant may be named and served in the renewal action after the limitation period has expired. *Sims v. American Cas. Co.*, 131 Ga. App. 461, 481-482 (206 SE2d 121) (1974); *Brer Rabbit Mobile Home Sales v. Perry*, 132 Ga. App. 128 (207 SE2d 578) (1974); see *Collier v. Marsh*, 203 Ga. App. 322, 323 (416 SE2d 849) (1992), overruled on other grounds, 209 Ga. App. 855, 858 (434 SE2d 748) (1993), reinstated, 264 Ga. 359, 361, n. 3 (444 SE2d 322) (1994).

Section 9-11-15 (c) provides that the substitution of the known defendant relates back to the date of the original pleadings if, within the limitation period, the defendant (1) "has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Under these provisions, "[i]n order for [Milburn] to invoke the tolling of the period of limitations, [his] complaint necessarily had to contain an allegation that [the named defendant] was on notice or should have been on notice [that] except for a mistake as to the real party [the action would have been brought against him]." *Bailey v. Kemper Group*, 182 Ga. App. 604, 607 (356 SE2d 695) (1987). No such allegations were made by Milburn, and the complaint showed on its face that the statute of limitation had run. Moreover, Milburn did not produce any evidence in response to Nationwide's motion for summary judgment to show notice sufficient to invoke the relation back provisions of OCGA § 9-11-15 (c). "When a complaint shows on its face that the statute of limitation has run and there is no further showing by amendment or by affidavit that a tolling of the statute is possible, a motion to dismiss the barred claims properly is granted." (Citations and punctua-

tion omitted.) *Harper v. Mayor &c. of Savannah*, 190 Ga. App. 637, 638 (380 SE2d 78) (1989).

Milburn also alleged in his amended complaint and argues on appeal that the statute of limitation was tolled as to the uninsured motorist because Wimberly concealed his true identity by giving a false name to law enforcement officers when he was apprehended on January 2, 1994. In response to Nationwide's motion for summary judgment, Milburn filed an affidavit stating that, at the scene of the accident on January 2, 1994, the uninsured motorist told law enforcement officers that his name was Joe Harris and stating that he (Milburn) did not discover the true name of the uninsured motorist was Larry Gene Wimberly until the third week of June 1996. The affidavit also acknowledges the existence of ten orders entered by the State Court of Long County on February 8, 1994, on the offenses for which the uninsured motorist was convicted in connection with the high speed chase. In each order, the court found that, although the defendant pled guilty in the name of Joe Harris, his true name was Larry Gene Wimberly. Milburn states in his affidavit that he did not discover the existence of these orders until September 1996.

Although under OCGA § 9-3-96 the defendant's fraud which debars or deters the plaintiff from bringing an action will toll the period of limitation until the plaintiff's discovery of the fraud, "[f]raud which tolls the statute of [limitation] must be such actual fraud as could not have been discovered by the exercise of ordinary diligence, in the absence of any confidential relation." (Citations and punctuation omitted.) *Gerald v. Doran*, 169 Ga. App. 22, 23 (311 SE2d 225) (1983). Milburn failed to present any evidence showing that he exercised diligence to determine the true identity of the uninsured motorist prior to filing his "John Doe" action on December 26, 1995, a few days before the expiration of the statute of limitation. A plaintiff cannot avoid the operation of the statute of limitation by simply alleging, without explanation, that he was in ignorance of the true facts because of fraud until after the expiration of the limitation period. *Jones v. Bd. of Regents &c. of Ga.*, 219 Ga. App. 448, 449 (466 SE2d 869) (1995); *Rigdon v. Barfield*, 194 Ga. 77, 82 (20 SE2d 587) (1942).

Although Nationwide had the burden on its motion for summary judgment of demonstrating that there was no material issue of fact, the evidentiary burden at trial rested with Milburn as the party seeking to invoke the relation back provisions of OCGA § 9-11-15 (c) and the tolling of the statute of limitation. *Harper*, supra at 638; *Gordon v. Gillespie*, 135 Ga. App. 369, 377 (217 SE2d 628) (1975); *Sargent v. Dept. of Human Resources*, 202 Ga. App. 874, 875 (415 SE2d 918) (1992); *Morris v. Atlanta Legal Aid Society*, 222 Ga. App. 62, 64 (473 SE2d 501) (1996). "A defendant [moving for summary

judgment on an issue] who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). There is no evidence in the record to support a finding that there was notice to the named defendant uninsured motorist sufficient to invoke the relation back provisions of OCGA § 9-11-15 (c) to prevent the action against him from being barred by the statute of limitation. Nor was there evidence sufficient to show that Milburn was entitled to a tolling of the statute of limitation pursuant to OCGA § 9-3-96. In the absence of such evidence, the trial court properly granted Nationwide's motion for summary judgment. *Sims,* supra at 483-484; *Moulden Supply Co. v. Rojas,* 135 Ga. App. 229, 231-232 (217 SE2d 468) (1975); *Lau's Corp.,* supra. Since Milburn's claim against the uninsured motorist was barred, this had the ancillary effect of entitling Nationwide to summary judgment in its favor. *Boles,* supra at 596-597.

2. We need not address Milburn's remaining enumeration of error related to application of the "fireman's rule."

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 5, 1997.

*John T. McKnight,* for appellant.
*Whelchel, Brown, Readdick & Bumgartner, Richard A. Brown, Jr., Bradley J. Watkins,* for appellee.