A05A0839. MCNEIL et al. v. MCCOLLUM et al.

(625 SE2d 10)

MIKELL, Judge.

Donald Wayne McNeil, Casual Carrier Trucking Company, Inc. ("Casual Carrier"),[1] and Empire Fire and Marine Insurance Company ("Empire") appeal the trial court's denial of their motion to dismiss the complaint filed by Michael McCollum, Sr. ("McCollum"), as ward and guardian of Michael McCollum, Jr. ("Michael"). Appellants sought the dismissal of McCollum's complaint on the ground

---

[1] This defendant is named in the complaint as Casual Carrier Trucking Company, Inc. Its answer to the first amended complaint filed September 1, 2004, alleges that the complaint is in error and that its correct name is Casual Carriers. The website of the Secretary of State shows that its correct name was Casual Carrier Trucking Company, Inc. It has been administratively dissolved.

that it was barred by the statute of limitation because McCollum had not complied with OCGA § 9-11-15 (c). We affirm the trial court's denial of Casual Carrier's and Empire's motions to dismiss, but reverse the denial of McNeil's motion to dismiss.

The record shows that McCollum filed identical complaints in both state and federal court against Cives Steel, John Doe, John Doe Trucking Company, and John Doe Insurance Company on September 19, 2003.[2] McCollum sought damages for personal injuries sustained by Michael, which arose out of an incident that occurred on November 27, 2001. At the pertinent time, McCollum and Michael were employed by J. S. Alberici Construction Company ("Alberici"), which was under contract with Georgia Power to erect structural steel at its plant in Bartow County, "Plant Bowen." Cives Steel had contracted with Alberici to provide the steel Alberici needed to complete the job at Plant Bowen. Several trucking companies transported steel from Cives Steel to Plant Bowen.

At approximately 10:00 a.m. on November 27, a shipment of steel arrived at Plant Bowen. McCollum, who was a shift supervisor with Alberici, advised the truck driver that the steel was not properly loaded. Nevertheless, Michael was instructed to unload the steel. In the course of doing so, he climbed onto the load of steel, which shifted suddenly, causing him to fall headfirst to the ground and to suffer severe and permanently disabling injuries.

As stated earlier, McCollum filed the action on September 19, 2003. The complaint alleged that, "pursuant to law and industry practice" the John Doe driver of the truck was responsible "to ensure that the steel was safely loaded," and that the driver's negligent failure to ensure the steel was safely loaded proximately caused the injuries sustained by Michael. The complaint sought to impose liability on the John Doe trucking company which employed the truck driver solely on the basis of respondeat superior liability. The complaint also alleged that the John Doe trucking company was a motor carrier under OCGA Title 46, Chapter 7, and that the trucking company's John Doe insurance company was liable on its obligation to provide insurance for the alleged negligence pursuant to OCGA § 46-7-12.

Cives Steel answered on November 5, 2003, and, the same day, McCollum's counsel forwarded interrogatories and a request for production of documents to Cives Steel to ascertain the identity of the other parties. McCollum learned from counsel for Cives Steel that the trucking company that delivered the load was either Casual Carrier

---

[2] McCollum's counsel averred that he filed the action in federal court as well because he did not know whether there was complete diversity of citizenship among the defendants.

or Cypress Truck Lines. On November 6, McCollum's counsel sent letters to Casual Carrier and its insurer, Empire, via certified mail, notifying them that they, along with the driver of the truck, would be named as defendants in the lawsuit and included in the letter a copy of the lawsuit.

McCollum's counsel averred that the identity of the truck driver was unknown until November 20, 2003, when he contacted Cives Steel's counsel to ascertain the driver's identity. Cives Steel's counsel forwarded him the accident report, which identified the driver of the truck as "Wayne McNiel." McCollum's counsel employed a search firm to locate either Wayne "McNiel" or Wayne "McNeal." On December 2, 2003, Donald Wayne McNeil, Casual Carrier, and Empire filed their answer. McCollum's counsel performed yet another search, successfully locating McNeil and serving him on December 9, 2003, 12 days after the statute of limitation expired.

McCollum filed an amended complaint on August 26, 2004, to substitute McNeil, Casual Carrier, and Empire for the three previously unidentified John Doe defendants. The amended complaint stated substantially the same causes of action as the original complaint and added an additional claim against Casual Carrier. Instead of alleging, as the original complaint did, that Casual Carrier was liable only on the basis of respondeat superior, the amended complaint added a claim alleging that Casual Carrier also proximately caused Michael's injuries by its own independent negligence. The additional claim against Casual Carrier also had the effect of adding a claim in the amended complaint for additional insurance liability against Empire. McNeil, Casual Carrier, and Empire moved for dismissal of the action claiming that pursuant to OCGA § 9-11-15 (c), they had not been properly or timely named as defendants in the action. The trial court denied the motion, and all three defendants appealed pursuant to our grant of their application for an interlocutory appeal.

Appellants raise three interrelated errors, all of which pertain to the statute of limitation: (1) the trial court should have dismissed the case against each of them because McCollum did not satisfy OCGA § 9-11-15 (c); (2) the case against McNeil should have been dismissed because he had no knowledge of the lawsuit and was not served until after the expiration of the statute; and (3) the case against Casual Carrier should have been dismissed because McCollum failed to exercise due diligence when serving it. For the reasons stated below, we affirm the denial of the motion to dismiss as to Casual Carrier and Empire but reverse as to McNeil.

1. In their first enumerated error, appellants argue that the trial court, relying on its finding that there was a "mistake" as to the parties' identities, erroneously allowed the addition of appellants as

parties to relate back to the date the complaint was filed. The record shows that the trial court did not state the reason for its ruling, either in its order denying appellants' motion to dismiss or at the hearing when it orally denied the motion. Therefore, we cannot presume, as appellants have, the basis for the trial court's ruling. Nonetheless, as to Casual Carrier and Empire, the trial court's ruling was correct.

> Where one has filed a complaint naming a "John Doe" defendant, as [McCollum] did here, the requirements of OCGA § 9-11-15 (c) must be met before the amendment substituting the named party will relate back to the date of the complaint, if service has not been effected before the expiration of the statute of limitation.[3]

OCGA § 9-11-15 (c) provides as follows:

> Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

No claim has been made that the amended complaint sets forth additional or different claims which did not arise out of the conduct, transaction, or occurrence set forth in the original complaint. Moreover, there is no evidence that McNeil, Casual Carrier, or Empire was not named in the original complaint because of a mistake concerning the identity of the proper party. McCollum named John Doe defendants in the original complaint because the parties were unidentified at that point. Accordingly, the portion of OCGA § 9-11-15 (c) at issue provides that the amendment relates back to the date of the original complaint if, prior to the expiration of the statute of limitation, the new defendant "has received such notice of the institution of the

---

[3] *Harper v. Mayor &c. of Savannah*, 190 Ga. App. 637, 638 (1) (380 SE2d 78) (1989).

action that he will not be prejudiced in maintaining his defense on the merits."[4] The plain wording of the statute shows that "the required notice is notice 'of the institution of the action' (i.e., notice of the lawsuit itself) and not merely notice of the incidents giving rise to such action."[5]

The accident that is the subject of McCollum's complaint occurred on November 27, 2001, so the two-year statute of limitation expired on November 27, 2003.[6] Although McCollum claims he served Casual Carrier with the complaint on November 9, 2003, prior to the expiration of the statute of limitation, the record shows that service was attempted on that date by handing a copy of the original complaint naming the John Doe defendants to Bruce McCray. The record shows that Bruce McCray was not Casual Carrier's registered agent for service, nor was he employed by Casual Carrier or otherwise authorized to accept service for Casual Carrier. Casual Carrier was not served until the amended complaint adding it as a defendant was handed to its registered agent on September 23, 2004. Although the original complaint naming the John Doe defendants was served on McNeil on December 9, 2003, and on Empire on January 8, 2004, both after the expiration of the statute of limitation, McCollum did not file the amended complaint naming McNeil, Casual Carrier and Empire as defendants until August 26, 2004. There is nothing in the record showing that McNeil and Empire have been served with the amended complaint naming them as defendants.

The motion filed by McNeil, Casual Carrier, and Empire to dismiss the action with prejudice because it was barred by the statute of limitation amounted to a motion for summary judgment on which they had the burden of proof.[7] As the party seeking to benefit from the relation back provisions of OCGA § 9-11-15 (c) to avoid the bar of the statute of limitation, McCollum had the burden to produce evidence that the notice requirements of OCGA § 9-11-15 (c) were satisfied.[8] There is no evidence that McNeil, Casual Carrier, or Empire was served with a copy of the complaint prior to the expiration of the statute of limitation. The record is devoid of any evidence that service of the complaint on Bruce McCray on November 9, 2003, before the expiration of the statute of limitation, had the effect of giving any

---

[4] OCGA § 9-11-15 (c).

[5] *Hall v. Hatcher Sales Co.*, 149 Ga. App. 133, 134 (1) (253 SE2d 812) (1979).

[6] *Hollingsworth v. Hubbard*, 184 Ga. App. 121, 122 (361 SE2d 12) (1987). Accord *Gardner v. Hyster Co.*, 785 FSupp. 161 (1992) ("Under clearly established Georgia law, therefore, amended OCGA § 1-3-1 (d) (3) governs OCGA § 9-3-33, thereby extending the statute of limitations for personal injury actions to two years and one day.").

[7] *Milburn v. Nationwide Ins. Co.*, 228 Ga. App. 398, 402-403 (491 SE2d 848) (1997).

[8] *Harper*, 190 Ga. App. at 638; *Milburn*, 228 Ga. App. at 402.

notice to Casual Carrier. One of the owners of Casual Carrier testified by deposition that McCray was not employed by Casual Carrier, but was a friend of the owners. McCray lived in a building owned by Casual Carrier adjacent to the Casual Carrier offices. The owner testified that she did not know whether McCray had been served with a copy of the suit, nor did she have any knowledge that McCray had given a copy of the suit to Casual Carrier. The record is undisputed that McNeil and Empire were served with the original complaint after the expiration of the statute of limitation. The answer and special appearance of McNeil, Casual Carrier, and Empire filed on December 2, 2003, five days after the expiration of the statute of limitation, does not establish that any of the defendants had notice of the institution of the action before the expiration of the statute of limitation.

Nevertheless, the record shows that on November 6, 2003, before the expiration of the statute of limitation, McCollum sent letters to Casual Carrier and Empire, which enclosed a copy of the original lawsuit and notified them that the complaint would be amended to substitute them, as well as the driver of the truck employed by Casual Carrier, as defendants in the lawsuit. Although the record does not contain return receipts for the certified letters showing they were received by Casual Carrier and Empire, one of the owners of Casual Carrier gave deposition testimony that Casual Carrier received the letter shortly after November 6, 2003. The November 6 letter to Empire was correctly addressed to its registered agent for service. "[W]hen it is shown that a letter was properly addressed, duly stamped, and mailed, a prima facie inference of fact may be drawn that it was received by the addressee."[9] This shifted the burden to Empire to rebut the prima facie inference, but Empire provided nothing in response to show that it did not receive the letter. Accordingly, the record contains evidence establishing that Casual Carrier and Empire had actual notice of the institution of the action prior to the expiration of the statute of limitation sufficient to satisfy the requirements of OCGA § 9-11-15 (c).[10] It follows that the trial court correctly denied the motion by Casual Carrier and Empire contending that the claims against them were barred by the statute of limitation because they did not receive the notice required by OCGA § 9-11-15 (c).

[9] (Citation and punctuation omitted.) *Parnell v. Etowah Bank*, 144 Ga. App. 794, 796 (1) (242 SE2d 487) (1978).

[10] *Thomas v. Home Credit Co.*, 133 Ga. App. 602, 607 (4) (211 SE2d 626) (1974).

2. We reverse the trial court's denial of McNeil's motion to dismiss because there is no evidence that McNeil had notice of the institution of the action prior to the expiration of the statute of limitation.

As discussed in Division 1, there is evidence that Casual Carrier and Empire were notified of the suit by letters mailed on November 6, 2003, prior to the expiration of the statute of limitation on November 27, 2003. The answer and special appearance filed by McNeil, Casual Carrier, and Empire on December 2, 2003, after the expiration of the statute of limitation, shows that, at the time of the accident on November 27, 2001, McNeil was driving the truck at issue as an employee of Casual Carrier. McNeil's deposition testimony shows that he was still employed by Casual Carrier in November and December 2003, but there is no evidence that, after Casual Carrier was notified of the suit, it then notified McNeil of the suit prior to the expiration of the statute of limitation. To the contrary, McNeil testified that, prior to receiving a copy of the suit, he had no information that the suit had been filed. Although McNeil also testified that he knew nothing about the suit "until they said to me out there at the office one day," he gave no details about the substance of this communication and could not remember the date it occurred.

The record shows that, when McNeil, Casual Carrier, and Empire filed their joint answer and special appearance on December 2, 2003, they were all represented by the same attorney, who was also Empire's registered agent to whom the November 6, 2003, certified letter to Empire was addressed. But even though there is evidence the attorney had notice of the institution of the suit prior to expiration of the statute of limitation, and that the attorney subsequently filed the answer and special appearance for McNeil on December 2, 2003, there is no evidence that McNeil was represented by the attorney or had any contact with the attorney prior to the expiration of the statute of limitation. In fact, one of the owners of Casual Carrier testified by deposition that Casual Carrier's first contact with the attorney occurred on November 25, 2003, two days before the statute of limitation expired. There is no evidence that, prior to the expiration of the statute of limitation, McNeil received notice of the institution of the suit by being served with the complaint, or by otherwise learning from the other parties or their common attorney that the suit had been filed. Because McCollum had the burden to show compliance with the notice requirements of OCGA § 9-11-15 (c), and he failed to produce evidence that McNeil had the required notice, McNeil was entitled to point to the absence of evidence of the required

notice to support his motion seeking dismissal of the suit based on the expiration of the statute of limitation.[11]

3. Appellants contend that the trial court should have dismissed Casual Carrier because McCollum failed to exercise due diligence in serving Casual Carrier after the statute expired. Pursuant to OCGA § 9-11-12 (h) (1) (B), "[a] defense of . . . insufficiency of process[ ] or insufficiency of service of process is waived . . . [i]f it is neither made by motion under this Code section nor included in a responsive pleading, as originally filed." Casual Carrier did not raise this affirmative defense in its answer. In a footnote in their answer, appellants state: "[a]lthough McNeil, Casual Carrier[ ] and Empire have not been properly served or are not otherwise properly before the Court, they will collectively be referred to herein as 'these defendants.' By making such reference, 'these defendants' do not submit to the jurisdiction and venue of this Court." This footnote is not sufficient to affirmatively assert the service defenses as they must be expressly raised.[12] Because Casual Carrier did not properly raise these defenses, they are waived and cannot be considered on appeal. The fact that appellants raised the defenses in an amended pleading does not warrant a different result because they "may not be pleaded by amendment to an original pleading."[13] Accordingly, this error fails.

*Judgment affirmed in part and reversed in part. Phipps, J., concurs. Andrews, P. J., concurs specially.*

ANDREWS, Presiding Judge, concurring specially.

I concur in the judgment and in Divisions 1 and 2 of the majority opinion, but not in Division 3. This appeal was taken from the trial court's denial of the appellants' motion seeking dismissal on the basis that the statute of limitation barred McCollum from amending the complaint to substitute them for the John Doe defendants because McCollum could not show compliance with the provisions of OCGA § 9-11-15 (c). It is not necessary to separately address whether the appellants properly raised the defense of lack of diligence in perfecting service of process after the statute of limitation expired. The controlling issue is not whether McCollum acted diligently in perfecting service after the expiration of the limitation period, but whether, prior to the expiration of the statute of limitation, the appellants "received such notice of the institution of the action that [they] will not be prejudiced in maintaining [their] defense on the

---

[11] *Milburn*, 228 Ga. App. at 402-403.

[12] See *Burnette v. McCarter*, 211 Ga. App. 781, 782 (1) (440 SE2d 488) (1994).

[13] (Citation omitted.) *Security Ins. Co. of Hartford v. Gill*, 141 Ga. App. 324, 326 (233 SE2d 278) (1977) (decided under former Code 1933, § 81A-112).

merits," as provided by OCGA § 9-11-15 (c). *Harper v. Mayor &c. of Savannah*, 190 Ga. App. 637, 638 (380 SE2d 78) (1989).

DECIDED NOVEMBER 14, 2005 —
RECONSIDERATION DENIED DECEMBER 15, 2005 —

*Gray, Hedrick & Edenfield, William E. Gray II*, for appellants.
*Smith, Shaw & Maddox, Julius W. Peek, Jr., Michael D. McRae, Robert T. Monroe, Drew, Eckl & Farnham, Jeffrey A. Burmeister*, for appellees.