### 72361. HARPER v. SAVANNAH POLICE DEPARTMENT et al.
(346 SE2d 891)

SOGNIER, Judge.

Michael Earl Harper brought this action against the City of Savannah, Georgia (City), its Police Department and unnamed city employees seeking damages for the alleged wrongful taking of his motorcycle by employees of the City and the police department. The trial court granted the defendants' motion to dismiss Harper's complaint for failure to give ante litem notice as required by OCGA § 36-33-5. Harper appeals.

1. The record reveals that appellant, in his amended complaint, alleged he gave the ante litem notice required by OCGA § 36-33-5. Appellees fail to rebut the allegation in the amended complaint and, therefore, the dismissal of the complaint under OCGA § 36-33-5 was improper. See *City of Atlanta v. Fuller*, 118 Ga. App. 563 (a) (164 SE2d 364) (1968).

2. Appellees argue that the trial court's dismissal of appellant's complaint nevertheless was proper because appellant's claims are barred by OCGA § 36-33-3 which precludes municipal liability for "torts of policemen or other officers engaged in the discharge of the duties imposed on them by law." While appellant's tort claim against the City for the actions of the police officers is barred by OCGA § 36-33-3, see *Acker v. City of Elberton*, 176 Ga. App. 580, 581 (2) (336 SE2d 842) (1985), appellant's claims against the individual unnamed city employees are not barred. Id. at 581 (3). Further, a claim for breach of an implied contract of bailment by the City in taking and holding appellant's motorcycle, see generally OCGA § 44-12-40; *Davidson v. Ramsby*, 133 Ga. App. 128, 131 (5) (210 SE2d 245) (1974), may be reasonably drawn from appellant's complaint, see *Snooty Fox*

*v. First American &c. Corp.*, 144 Ga. App. 264, 265 (241 SE2d 47) (1977), and such a claim is not barred under the language of OCGA § 36-33-3, which is restricted to tort claims.

3. Appellees also argue that the trial court's dismissal of appellant's complaint was proper because the City is not a legal entity. We are aware of the cases cited by appellees which held that an action seeking to sue a municipality, by denominating the municipality as a defendant in any manner other than by its proper corporate name, renders the action subject to dismissal. See, e.g., *Darby v. Mayor &c. of Statesboro*, 208 Ga. 705 (69 SE2d 248) (1952). Those cases were all decided prior to the enactment of the Civil Practice Act and were based on earlier procedural law whereby a suit brought by or against a party which was not a legal entity was a nullity and was not amendable. Id. at 705 (2). The changes wrought by the enactment of the CPA and the policy of the appellate courts to liberally construe the CPA, see *Franklyn Gesner Fine Paintings v. Ketcham*, 252 Ga. 537 (314 SE2d 903) (1984); *Block v. Voyager Life Ins. Co.*, 251 Ga. 162 (1) (303 SE2d 742) (1983), render this pre-CPA line of cases inapplicable. Thus, dismissal of appellant's claims against the City is not authorized on the ground that appellant named the "City of Savannah," rather than the "Mayor and Aldermen of the City of Savannah" because a misnomer in a defendant's name is an amendable defect and the record fails to reflect that the trial court exercised its discretion in determining whether to allow appellant to amend his complaint in this respect. See *Atlanta Veterans Transp. v. Westmoreland*, 123 Ga. App. 466 (181 SE2d 504) (1971). Likewise, appellant's complaint against the unnamed municipal employees may be deemed amendable by the trial court under OCGA § 9-11-5 (c) and thus appellant may substitute the proper named individuals. See *Sims v. American Cas. Co.*, 131 Ga. App. 461, 481 (6) (206 SE2d 121) (1974), aff'd sub nom. *Providence &c. Ins. Co. v. Sims*, 232 Ga. 787 (209 SE2d 61) (1974). Therefore, this case is reversed and remanded with direction that the trial court exercise its discretion with regard to amendment of appellant's complaint and for any further proceedings not inconsistent with this opinion. See generally *Metropolitan Tractor v. Samples Grading Co.*, 167 Ga. App. 102, 103 (1) (306 SE2d 68) (1983).

4. We find no merit to appellant's contention that the trial court erred by failing to hold a hearing on appellees' motion to dismiss. See Rule 6.3 of the Uniform Superior Court Rules, 253 Ga. 817 (1985).

*Judgment reversed and case remanded with direction. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 20, 1986.

Michael E. Harper, *pro se.*
*Miriam D. Lancaster, James B. Blackburn,* for appellees.