## A92A1904. METZLER v. LOVE.

(428 SE2d 384)

BLACKBURN, Judge.

Lavenia Metzler, a Georgia resident, filed an action in the Superior Court of White County against Ruth Love, an Alabama resident, seeking compensatory and punitive damages for Love's alleged wrongful disinterment of the remains of Richmond Jackson (Jack) Love, Metzler's late husband and Love's son, from a cemetery in White County, Georgia and removal of same to Piedmont, Alabama. Love

filed an answer to the complaint and a special plea to the jurisdiction of the court, asserting that the complaint set out no facts to support a claim of jurisdiction under the Georgia Long Arm Statute (OCGA § 9-10-91). The trial court granted the special plea to the jurisdiction and dismissed the action. Metzler appeals.

Jack Love died in an automobile crash in 1958, at which time he had been married to appellant less than a year. His family deferred to appellant's wish to bury him in Georgia. Appellee and her family made numerous visits to the gravesite over the years, but those visits became less frequent after appellee's husband died and she grew older. No further contacts were made between the family and appellant and they were later told that she had died.

In 1989, Robbie Love Smith, Jack Love's sister, began discussing with appellee the possibility of moving Jack's remains to Alabama. Elaine Brock, Jack's daughter by a previous marriage, was also consulted and approved of the idea. Smith made all the necessary arrangements from Alabama for obtaining the proper application papers. Smith signed the application. Appellee also signed Brock's name on the application, which she has testified she did with Brock's permission. Smith mailed the documents to Georgia and a permit for disinterment was issued in White County. Smith hired and paid someone to do the actual labor and went to White County to supervise the disinterment and transfer to Alabama.

"A nonresident defendant may be held liable for a tortious injury which occurred in this state only under two circumstances; either because the injury was due to a tortious act committed by the defendant within the state (OCGA § 9-10-91 (2)) or because the injury was caused by an act or omission of the defendant outside the state and defendant 'regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state . . . .' OCGA § 9-10-91 (3)." *McDonnell v. Roy E. Beatty & Assoc.*, 203 Ga. App. 807, 808 (1) (418 SE2d 95) (1992).

Appellant contends that OCGA § 9-10-91 (2) applies because appellee committed a tortious act within Georgia. Alternatively, appellant maintains that even though the disinterment application was completed in Alabama, her injuries and damages occurred in Georgia and thus appellee is subject to the jurisdiction of Georgia courts under OCGA § 9-10-91 (3). We do not agree.

While a single event may be sufficient to impose jurisdiction under certain circumstances, that event must be an act of the nonresident defendant *in the forum* having its impact within the territory of the forum. *McDonnell*, supra at 810; *Shellenberger v. Tanner*, 138 Ga. App. 399, 404 (227 SE2d 266) (1976). It is undisputed that appellee committed no act in Georgia. Even assuming, without deciding,

that appellee's placement of Brock's signature on the application was a tortious act, that act occurred in Alabama, and the form was mailed to Georgia by Smith, not by appellee.

Nor can jurisdiction be obtained on the basis of an allegation of a conspiracy with Smith, who did perform acts in Georgia. In *Coopers & Lybrand v. Cocklereece*, 157 Ga. App. 240, 246 (276 SE2d 845) (1981), we held that an allegation that a nonresident who personally has conducted no activity in or with Georgia is a co-conspirator with one who committed tortious acts in Georgia and through the conspiracy is chargeable with the acts of co-conspirator within the state does not establish a "contact" with this forum in the absence of evidence of purposeful activity within Georgia by the nonresident. Thus, OCGA § 9-10-91 (2) does not apply.

Appellant likewise cannot obtain jurisdiction over appellee under OCGA § 9-10-91 (3) because appellee submitted an unrebutted affidavit showing that she never conducted or solicited business in Georgia, never derived substantial revenue from activities in Georgia, and never engaged in any other persistent course of conduct in Georgia. See *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 847-849 (2) (366 SE2d 223) (1988); see also *McDonnell,* supra at 808-811 (1). Accordingly, we hold the trial court did not err in dismissing appellant's complaint against appellee.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 9, 1993 —
RECONSIDERATION DENIED FEBRUARY 23, 1993 —

*Robert E. Richardson,* for appellant.
*Reuben M. Word,* for appellee.