A96A2367. WOODS et al. v. BELVEDERE PARK APARTMENTS.
(484 SE2d 242)

RUFFIN, Judge.
     Frances Woods, Cynthia Quinton, Sterling Queen, Jr., and Louis Stewart appeal from the dismissal of their complaint. Although appellants raise four enumerations of error, each enumeration challenges the trial court's order dismissing their case. For reasons that follow, we affirm.
     Appellants filed their complaint in DeKalb County against "Belvedere Park Apartments et al." On their summons, appellants designated the party to be served as "Belvedere Park Apartment[,] 1601 Line St[,] Apt. 1[,] Decatur[,] Ga. 30032." After attempting service, the Sheriff's Office returned the summons and complaint to appellants with the following notation: "This address is an individual condominium not an apartment. We need the name of person you wish served. The owner here only owns this condo, no others[,] nor is he a manager." Appellants prepared a new summons for service and listed the name and address of the party to be served as follows: "1610 Line St. Belvedere Park Apts.[,] Mgr. Valerie Neal[,] Decatur, Ga. 30032." The sheriff left a copy of the complaint with Valerie Neal. Neal is an employee of In Pen Corporation ("In Pen"), which manages 13 of the 25 quadraplexes at Belvedere Park Apartments but holds no ownership interest in the property.
     In Pen answered appellants' complaint, raising as a defense that "Belvedere Park Apartments," the only named defendant, is not a legal entity and has no capacity to be a party to any action. Over seven months later, In Pen moved to dismiss appellants' complaint on the ground that appellants had not sued a party with the legal capacity to defend the action. Following a hearing, the trial court granted In Pen's motion and dismissed appellants' complaint without prejudice. In its written order, the court determined that "Belvedere Park Apartments" is not a legal entity and found that "[appellants] have had a reasonable time, approximately nine (9) months, to designate the real party in interest by amendment, joinder, or substitution and have not made any effort to do so."
     Appellants do not challenge the trial court's conclusion that, as a matter of law, "Belvedere Park Apartments" is not a legal entity. Instead, they argue generally in their brief that their rights were violated by certain individuals at the Belvedere Park Apartments and that they should be afforded a trial.

"[I]n every suit there must be a legal entity as the real plaintiff and the real defendant." (Citation and punctuation omitted.) *Ga. Insurers Insolvency Pool v. Elbert County*, 258 Ga. 317, 318 (1) (368 SE2d 500) (1988). Failure to name a legal entity as a party defendant, however, does not automatically result in dismissal. See *Harper v. Savannah Police Dept.*, 179 Ga. App. 449, 450 (3) (346 SE2d 891) (1986). "A plaintiff who has sued the wrong defendant may move to amend her pleading after the statute of limitation has run and that amendment will relate back to the time of the original pleading if the proper defendant has received actual notice and knew or should have known that, but for plaintiff's mistake, it would have been the party sued. [Cit.] Moreover, where the real defendant has been served but the papers refer to that defendant by an incorrect name, the plaintiff has the right to amend to correct the misnomer. [Cit.]" *Ciprotti v. United Inns*, 209 Ga. App. 457, 458-459 (4) (433 SE2d 585) (1993).

In this case we need not address whether appellants could have corrected their mistake through amendment because they made no effort to amend. Although they claim that individuals at the apartment complex violated their rights, they have never moved to add these individuals or any other entities as defendants. In Pen's answer informed appellants that "Belvedere Park Apartments" might not be a proper legal entity. Appellants received further notice of this problem through In Pen's motion to dismiss, which remained pending in the trial court for over one month before it was granted. Nevertheless, they did not move to amend their complaint.

Throughout this litigation, appellants were on notice that they had not named a proper legal entity as a defendant. Although their error may have been amendable, they made no effort to remedy their mistake. The trial court properly dismissed this action.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED JANUARY 28, 1997 —
RECONSIDERATION DENIED MARCH 20, 1997.

Frances Woods, *pro se.*
Louis Stewart, *pro se.*
Sterling Queen, Jr., *pro se.*
Cynthia Quinton, *pro se.*
*Germano, Kimmey & Cheatwood, J. Steven Cheatwood*, for appellee.