## A00A1953. ANDERSON v. BRUCE.
### (548 SE2d 638)

RUFFIN, Judge.

We confront the issue in this case of whether the trial court erred in dismissing Jessie Thompson Anderson's complaint. This case also illustrates why lay persons become frustrated with lawyers. Because we find that the trial court did err, we reverse.

The facts are quite simple, but appear to be quite bizarre. On July 6, 1999, Anderson filed a complaint for damages she allegedly sustained in an August 21, 1997 automobile collision. Although the caption of the complaint identified Peter Joseph Galante as the defendant, the first paragraph of the six-paragraph complaint stated that

> Defendant Peter Joseph Galante is deceased so Plaintiff brings this action against his estate. Lorraine Bruce is the Executrix of his estate. . . . Therefore the estate is subject to the jurisdiction of the Court when Lorraine Bruce in her capacity as Executrix is served.

The final paragraph of the complaint also stated that "Defendant Peter Joseph Galante is deceased. Therefore the Plaintiff brings this action against his estate. Further, Lorraine Bruce is only sued in her capacity as Executrix of his estate."

The complaint was personally served on Bruce on August 5, 1999. The return of service form identified the party to be served as "Peter Joseph Galante c/o Lorraine Bruce as Executrix of Estate."

The deputy sheriff performing service stated on the return that "I have this day served the defendant Lorraine Bruce personally with a copy of the within action and summons."

Bruce did not file a response to the complaint in her capacity as executrix. Instead, the late Mr. Galante purportedly answered. At one point in the answer, Mr. Galante "denied" allegations that he was deceased and that Bruce was the executrix of his estate, while at another point he claimed to be "without knowledge or sufficient information to form a belief" as to whether he was dead.

On October 6, 1999, the late Mr. Galante purportedly filed a motion to dismiss, asserting that the complaint was a nullity since "[a] deceased person cannot be a party to legal proceedings."[1] In support of his motion, he attached a copy of his own death certificate, which confirmed that he had died on November 13, 1998, at the age of 77.

Mr. Galante asserted that "there was no service perfected on [him] prior to his death" and argued, quite reasonably, that "no personal service thereafter is possible." He also claimed that service on Bruce was ineffective because she was "not a party to this lawsuit." Since he was not served during his lifetime, he maintained that the representative of his estate could not thereafter be substituted as a party defendant.[2] He further noted that the statute of limitation had expired. Accordingly, he argued that dismissal was required.

On October 14, 1999, evidently after receiving the late Mr. Galante's motion to dismiss, Anderson filed an amendment to her complaint. The sole purpose of the amendment was to change the case caption to the following: "Jessie Thompson Anderson, Plaintiff, vs. Lorraine Bruce, in her capacity as Executrix of the estate of Peter Joseph Galante, Deceased."

On February 28, 2000, the trial court entered an order granting the late Mr. Galante's motion to dismiss. The order characterized the motion to dismiss as

> asserting that Defendant Peter Joseph Galante had died prior to the institution of the lawsuit, that there was insufficient service on the purported Defendant prior to the running of the statute of limitations, and that the attempted substitution of the estate thereafter was legally insufficient.

---

[1] (Punctuation omitted.) *Rowe v. C & S Nat. Bank*, 129 Ga. App. 251, 253 (199 SE2d 319) (1973).

[2] Galante also argued that, "[o]n a purely practical level," it would be unfair to allow the suit to continue because, being dead, he could not assist in his own defense. We note that his death apparently did not prevent him from taking an active role in the filing of his answer and motion to dismiss.

The order did not state the basis for granting the motion. At the hearing on the motion, however, the trial court found service of process insufficient because the sheriff's deputy

> served Lorraine Bruce not in her capacity as executrix of the estate of Peter Joseph Galante, deceased. He served her because he was directed if he couldn't find Peter Joseph Galante to serve it in care of Lorraine Bruce. And so basically [an "in care of"] service is invalid, has no force and effect.

On appeal, Anderson argues that the trial court erroneously treated Galante as the defendant in this action and improperly rejected the service on Bruce. We agree.

1. Before addressing the merits of Anderson's appeal, we note our displeasure with various attorneys in this case. In Anderson's brief, her attorneys claim that the trial court's fundamental error "lies in treating the deceased Peter Galante as the defendant in this action." They recognize that Bruce, as executrix of Mr. Galante's estate, is clearly the proper defendant.[3] Had Anderson's attorneys — who evidently knew the appropriate defendant — exercised a modicum of care in drafting the complaint, they could have avoided the time and expense of this appeal.

At the same time, we cannot condone the actions of the estate's attorney, who filed an answer on behalf of a dead man and denied his death. It appears that the attorney for the estate was setting the stage to file a motion to dismiss after the statute of limitation expired. We will not permit truth to be defeated by such legal sleight of hand.[4]

2. The fact that the late Mr. Galante was named as the defendant in the caption of the original complaint does not warrant dismissal. As we stated in *Shaef Chemical Co. v. Cook*,[5]

> the caption is generally not considered a part of the petition in Georgia, . . . [although a plaintiff may make] a caption or title of a petition a part thereof by an appropriate allegation to that effect in the body of the petition. . . . [T]he names of the parties to an action must appear either in the caption of the petition or in the body thereof.[6]

---

[3] See OCGA § 9-2-41.

[4] Indeed, the defense attorney's strategy seems inherently flawed. By denying his death in his answer, the late Mr. Galante is arguably estopped from asserting his death in the motion to dismiss. See OCGA § 24-3-30.

[5] 106 Ga. App. 223 (126 SE2d 806) (1962).

[6] (Punctuation omitted.) Id. at 224-225 (2); see also *St. Louis Lightning Rod Co. v.*

Courts refrain from attaching too much importance to the merely formal parts of a complaint and construe pleadings so as to do substantial justice.[7] Substance, rather than nomenclature, controls.[8] Thus, "[t]he character in which a party is sued may be determined from the substance of the allegations of the petition, considered in its entirety."[9]

Read in its entirety, the complaint plainly asserted allegations against Bruce, as executrix of Galante's estate, or against the estate through Bruce. The very first paragraph of the complaint notes Galante's death and indicates that the action is brought "against his estate," which is "subject to the jurisdiction of the Court when Lorraine Bruce in her capacity as Executrix is served." The final paragraph essentially repeats these allegations, stating that "the Plaintiff brings this action against [Galante's] estate. Further, Lorraine Bruce is only sued in her capacity as Executrix of his estate." The complaint reveals — without doubt — that Anderson's claims were not actually asserted against the deceased Mr. Galante, but focused on the estate and Bruce.[10]

3. Moreover, Anderson amended her complaint on October 14, 1999, trying to cure any lingering ambiguity as to the proper defendant. That amendment altered the caption to read "Jessie Thompson Anderson, Plaintiff, vs. Lorraine Bruce, in her capacity as Executrix of the estate of Peter Joseph Galante, Deceased." Given the original complaint's clear allegations against Bruce (including that she was "being sued in her capacity as Executrix"), we view Anderson's initial reference to Galante in the case caption as a mere misnomer, which Anderson attempted to remedy through amendment.

We have held that

[w]here the real defendant has been properly served, a plaintiff has the right to amend in order to correct a misnomer in the description of the defendant contained in the complaint. Correction of a misnomer involves no substitution of parties and does not add a new and distinct party.[11]

---

*Johnson*, 18 Ga. App. 190, 192 (89 SE 169) (1916).

[7] *Miller v. U. S. Shelter Corp.*, 179 Ga. App. 469, 472 (2) (347 SE2d 251) (1986); OCGA § 9-11-8 (f); see also *Block v. Voyager Life Ins. Co.*, 251 Ga. 162, 163 (1) (303 SE2d 742) (1983).

[8] *Miller*, supra.

[9] (Punctuation omitted.) *Rowland v. Rowland*, 204 Ga. 603, 606 (3) (50 SE2d 343) (1948); see also *Shaef Chemical*, supra at 225 (viewing the complaint in its entirety to determine whether party defendant was properly named).

[10] See *Miller*, supra (noting substantive portions of complaint identified correct defendant).

[11] (Citations and punctuation omitted.) *Abbott v. Gill*, 197 Ga. App. 245, 246 (398 SE2d 225) (1990); see also *Woods v. Belvedere Park Apts.*, 225 Ga. App. 613, 614 (484 SE2d 242)

If service on Bruce was valid, therefore, the amendment properly corrected Anderson's initial pleading mistake.

The record shows that the sheriff's deputy delivered a copy of the summons and complaint to Bruce in accordance with OCGA § 9-11-4 (d) (7), noting on the return that "the defendant Lorraine Bruce" was personally served. The trial court found service on Bruce invalid because the return designated the person to be served as "Peter Joseph Galante c/o Lorraine Bruce, as Executrix of Estate." The fact remains, however, that Bruce — the real party defendant — received personal service of a suit that made clear allegations against her, as executrix of Galante's estate.

We generally construe the personal service requirements in OCGA § 9-11-4 (d) (7) strictly because notice is central to due process.[12] Where actual notice of the suit has been received by the actual defendant, however, Rule 4 (d) (7) "should be liberally construed to effectuate service."[13] Service on Bruce was sufficient in this case. Bruce received personal service of the complaint from the sheriff's deputy. Although the return of service named "Peter Joseph Galante" in the space for identifying the "party to be served," it also referenced "Lorraine Bruce as Executrix of Estate." Under these circumstances, we see no valid reason to find personal service on Bruce insufficient.[14]

Given proper service on Bruce, Anderson's amendment to correct the misnomer in the complaint was authorized.[15] To hold otherwise

---

(1997) (indicating that amendment can be used to correct misnomer where named party defendant not a legal entity); *Northgate Village Apts. v. Smith*, 207 Ga. App. 479, 481 (2) (428 SE2d 381) (1993); *U. S. Xpress v. W. Timothy Askew & Co.*, 194 Ga. App. 730, 731 (391 SE2d 707) (1990).

[12] *Thurman v. Dodaro*, 169 Ga. App. 531, 532-534 (1) (313 SE2d 722) (1984).

[13] (Punctuation omitted.) *Trammel v. Nat. Bank of Ga.*, 159 Ga. App. 850, 852 (1) (285 SE2d 590) (1981).

[14] See *Miller*, supra at 473 (3) (indicating that "the existence of a mere misnomer [does not] authorize[ ] one freely to ignore the fact that he has been served with legal process").

[15] Bruce argues that Anderson needed — but failed to request — leave of court to amend the case caption, citing *Stephens v. McDonald's Corp.*, 245 Ga. App. 109 (536 SE2d 566) (2000). Dictum in *Stephens* notes that a party must obtain court permission to amend a misnomer under OCGA § 9-10-132. 245 Ga. App. at 110 (2). Section 9-10-132 similarly indicates that "[a]ll misnomers . . . shall, *on motion*, be amended and corrected instanter without working unnecessary delay to the party making the same." (Emphasis supplied.) We have consistently stated, however, that a plaintiff has a *right* to amend to correct a misnomer when the real party has been served. See, e.g., *Woods*, supra at 614; *Miller*, supra at 471 (2). Furthermore, in *U. S. Xpress*, supra, we construed OCGA §§ 9-10-132 and 9-11-15 together to specifically hold that "[w]here a party named in a complaint is reasonably recognizable as a misnomer for the real party in interest, the misnomer may be corrected by amendment to the pleadings [without leave of court] pursuant to § 9-11-15." 194 Ga. App. at 731. Anderson properly amended her complaint as of right.

would elevate form over substance. As we have previously noted,

> [t]he important thing to remember is that under the [Civil Practice Act] a party is to be given notice and the opportunity to amend defective pleadings where such notice will facilitate decision on the merits. The [Civil Practice Act] does not penalize a party irrevocably for one misstep in pleading.[16]

Thus, the trial court erred in dismissing Anderson's complaint.
*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 23, 2001.

*Northcutt, Edwards, Gordon, Perrotta & Feingold, Claudia E. Gordon, Joseph D. Perrotta, David A. Webster*, for appellant.
*McLain & Merritt, Joe O'Connor, Hammond, Carter & Denapoli, A. Cullen Hammond*, for appellee.

---

[16] (Punctuation omitted.) *Wilson v. Commercial Cold Storage*, 179 Ga. App. 260, 261 (346 SE2d 6) (1986).