## A01A0245. SKY SHOTS AERIAL PHOTOGRAPHY, INC. v. FRANKS.
### (551 SE2d 805)

POPE, Presiding Judge.

Sky Shots Aerial Photography, Inc. brought suit against Michael Walls, Eastman Kodak Company and Jack Franks, a resident of Florida. Franks obtained a dismissal on the grounds that Georgia lacked personal jurisdiction over him. Sky Shots appeals, and we affirm.

"On a motion to dismiss for lack of personal jurisdiction, a defendant bears the onus of proving lack of personal jurisdiction." (Citation and punctuation omitted.) *ETS Payphone v. TK Indus.*, 236 Ga. App. 713 (513 SE2d 257) (1999). But, as in this case, where the defendant controverts the allegations of the complaint at an evidentiary hearing, the plaintiff may not rely on mere allegations, but must also submit testimony, supporting affidavits or documentary evidence in rebuttal. See *Beasley v. Beasley*, 260 Ga. 419, 420 (396 SE2d 222) (1990).

The unrebutted facts show that in October 1995, Franks, Inc., a Florida corporation controlled by Franks, leased a Kodak Photo Print System from Eastman Kodak Credit Corporation under terms by which it would own the machine after 36 monthly payments. Franks obtained the system for Walls to use to start a new glamour photography business in Florida with the understanding that if Walls made enough money, he would pay Franks, Inc. for the system. But there was no agreement that Franks or his corporation would share in any of Walls' profit.

In March 1996, Franks permitted Walls to take the system to Atlanta where, he understood, Walls was entering into a joint venture with various persons and entities whereby they planned to use the system and others like it, during the Olympics. Unbeknownst to Franks, Walls entered into an agreement to sell the equipment to Sky Shots, a Georgia corporation. Later, Sky Shots became suspicious that Walls did not own the system, and it demanded that Walls convey clear title, which, for a while, he could not do. That dispute turned into this lawsuit because, even though Sky Shots had the sys-

tem, it claims that it could not use it because, without proof of ownership, it was unable to obtain insurance on the equipment. The only evidence in the record shows that Franks did not know of the alleged sale until the dispute arose between Walls and Sky Shots; he was told during a conference call in June 1996.

Franks has never received any money for the purported sale of the system, and he has never received the equipment back. There is no evidence that Walls and Franks were business partners. Nor is there any evidence that Franks visited Georgia at any time relevant to the issues in this case or that he had any dealing with Sky Shots whatsoever. Because Franks was still under the term of the lease when the allegations arose, he did not own the system at that time.

In addition to the claims against Walls and Eastman Kodak, Sky Shots asserted claims of fraud and breach of contract against Franks alleging that he played a role in the sale of the machine to them.

The Georgia long-arm statute confers personal jurisdiction over nonresidents to the maximum extent permitted by due process. *First United Bank of Miss. v. First Nat. Bank of Atlanta*, 255 Ga. 505, 506 (340 SE2d 597) (1986). But a forum state may not exercise jurisdiction over a nonresident "solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King Corp. v. Rudzewicz*, 471 U. S. 462, 475 (105 SC 2174, 85 LE2d 528) (1985). The contacts must result from actions of the defendant that create a "substantial connection" with the forum state. *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U. S. 102, 109 (107 SC 1026, 94 LE2d 92) (1987). "The 'substantial connection' between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State." (Citations and emphasis omitted.) Id. at 112. The defendant's conduct and connection with the forum state must be such that he should reasonably anticipate being haled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U. S. 286, 297 (100 SC 559, 62 LE2d 490) (1980).

The trial court held "that Franks did not purposefully avail himself of the jurisdiction of the court or otherwise satisfy the due process requirements for minimum contacts." We agree and find no evidence of a substantial connection between Franks and Georgia. Franks did not transact any business here. The only business that Franks engaged in was to allow Walls to use the leased equipment. Sky Shots has not rebutted the evidence that Franks was not a partner of Walls, did not share in the profits of Walls' business and did not earn any revenue from use of the equipment. Under the circumstances in this case, the mere fact that Franks knew that Walls was taking the system to Georgia to do business is not enough. Further, the claim of breach of contract does not arise out of the arrangement

between Walls and Franks. It is based on the unrelated agreement by Walls to sell the system to Sky Shots. Thus, Franks never took any action purposely directed toward Georgia nor availed himself of the protection of Georgia law. Cf. *McDonnell v. Roy E. Beatty & Assoc.*, 203 Ga. App. 807 (418 SE2d 95) (1992) (ownership of equipment and knowledge that it might be taken to Georgia, standing alone, are insufficient to confer jurisdiction). The fact that Franks may have paid, on account, for photography paper used on the system while it was in Atlanta is not related to Sky Shots' claims against Franks and is too insignificant on which to base jurisdiction.

With regard to the fraud claim, there is nothing to link Franks with the allegation of fraud regarding the alleged sale, nor any allegation of contact between Franks and Sky Shots or Georgia in connection with any alleged fraudulent actions by Walls. It is undisputed that Franks was never in Georgia at the time any alleged fraud was committed. Also, jurisdiction cannot be based on an allegation of a conspiracy with Walls arising out of his actions in Georgia:

> [A]n allegation that a nonresident who personally has conducted no activity in or with Georgia is a co-conspirator with one who committed tortious acts in Georgia and through the conspiracy is chargeable with the acts of co-conspirator within the state does not establish a "contact" with this forum in the absence of evidence of purposeful activity within Georgia by the nonresident.

*Metzler v. Love*, 207 Ga. App. 447, 449 (428 SE2d 384) (1993), citing *Coopers & Lybrand v. Cocklereece*, 157 Ga. App. 240, 246 (276 SE2d 845) (1981). Compare *Rudo v. Stubbs*, 221 Ga. App. 702 (472 SE2d 515) (1996) (conspiracy to commit an intentional tort against a Georgian is imputable to nonresident for purposes of long-arm jurisdiction). There is no evidence in this case that Franks targeted a Georgian in a conspiracy to defraud. More than mere allegations of conspiracy are required. *Rudo*, 221 Ga. App. at 704.

We find no error by the trial court in granting the motion to dismiss for lack of personal jurisdiction.

*Judgment affirmed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED JULY 5, 2001.

*Hassett, Cohen, Goldstein, Port & Gottlieb, Lee S. Goldstein*, for appellant.

*Freed & Berman, Gary S. Freed, Charles H. Van Horn, Christopher W. Timmons,* for appellee.