A03A0960. SMITH v. debis FINANCIAL SERVICES, INC.
(587 SE2d 390)

Andrews, Presiding Judge.

Douglas Smith, sued by debis Financial Services, Inc. (debis) over breach of an automobile lease, appeals from the trial court's grant of debis' motion to dismiss appeal and for sanctions and the denial of his motion to set aside judgment.[1]

Smith leased a Lexus in 1998 from Lexus of Englewood and the lease was assigned to debis. Following expiration of the lease in March 2002, Smith failed to either surrender or purchase the car as provided by the lease and he remains in possession of the car.

On April 17, 2002, counsel for debis notified Smith of the indebtedness by certified mail addressed to 1627 Esquire Place, Norcross, Georgia, which was the same address contained in the lease. That same date, Smith signed the receipt for the letter. By letter of April 29, 2002, listing his return address as 1627 Esquire Place, Norcross, Georgia, Smith responded to debis' counsel.

The complaint was filed on April 19, 2002, and, pursuant to the grant of debis' motion for special appointment of process server, service was made by Brazeman on June 16, 2002, pursuant to OCGA § 9-11-4 (e) (7). According to Brazeman's affidavit, the documents were placed "in the hands of Benjamin Chambers, who admitted [Smith] has a telephone registered at 1627 Esquire Place, . . . receives his mail at 1627 Esquire Place and . . . has used 1627 Esquire Place as his residence for several years. . . ."

On July 15, 2002, Smith filed his motion to dismiss the complaint, alleging lack of jurisdiction and improper service. Smith's deposition was scheduled by debis for August 8, 2002, by notice of deposition dated July 19, 2002, and received by Smith on July 24. A subpoena for deposition was also served by Brazeman on Chambers at 1627 Esquire Place.

Smith filed an objection to the subpoena, to which debis responded, but no ruling was made on it before the scheduled deposition. Smith did not appear for his deposition.

A hearing was held on September 4, 2002, on Smith's motion to

---

[1] Smith appeals pursuant to the grant of his application for appeal.

dismiss and objection to subpoena, but Smith did not appear. The trial court denied Smith's motion and ordered him to appear for his deposition on September 25, 2002.

Smith then filed his motion to set aside judgment regarding the order denying his motion and ordering him to appear and requested a certificate of immediate review of the same order. No certificate was granted and a hearing was noticed on Smith's motion to set aside.

Having been denied a certificate of immediate review, Smith nonetheless filed a notice of appeal from denial of his motion to dismiss on September 16, 2002, and failed to appear for his deposition on September 25.

On October 4, following a hearing that Smith did not attend, Smith's motion to set aside was denied, and debis' motion to dismiss the notice of appeal and for sanctions and attachment for contempt was granted and this appeal followed.

Smith enumerates five errors, but his brief does not comply with Court of Appeals Rule 27 (c) (1), in that his argument is not separated pursuant to his enumerations, nor does it follow their sequence. Nonetheless, all the enumerations are premised on his claim that the trial court lacked personal jurisdiction over him and the orders entered are void; to the extent that his arguments can be discerned,[2] we consider this issue.[3]

A judgment rendered by a court without subject matter jurisdiction is absolutely void and subject matter jurisdiction cannot be extended by the parties by waiver or agreement. *Williams v. Fuller*, 244 Ga. 846, 848 (2) (262 SE2d 135) (1979).

Personal jurisdiction, the power of a court to render a personal judgment or subject the parties before it in a case to its decisions and rulings in that case, is obtained by appearance or serving the proper process in the manner provided by law. *Williams*, supra at 849 (3). Improper venue or lack of jurisdiction of the person are defenses waived when not raised by motion or in a responsive pleading. OCGA § 9-11-12 (h).

"On a motion to dismiss for lack of personal jurisdiction, a defendant bears the onus of proving lack of personal jurisdiction." (Citation and punctuation omitted.) *ETS Payphone v. TK Indus.*, 236 Ga. App. 713 (513 SE2d 257) (1999); *Sky Shots Aerial Photography v. Franks*, 250 Ga. App. 411 (551 SE2d 805) (2001).

Where, as here, the dispute is considered by the court solely on the basis of written submissions, "disputes of fact found in the affida-

---

[2] See *Felix v. State*, 271 Ga. 534 (523 SE2d 1) (1999).
[3] There is no specific argument made regarding imposition of sanctions.

vits are resolved in favor of the exercise of jurisdiction, and the appellate standard of review is non-deferential. [Cit.] *Intl. Capital Realty Investment Co. v. West*, 234 Ga. App. 725, 727 (1) (507 SE2d 545) (1998)." (Punctuation omitted.) *ETS Payphone*, supra at 713-714. Where the defendant has actual notice of the suit, as here, OCGA § 9-11-4 (e) (7) (formerly (d) (7)) is liberally construed to effectuate service. See *Anderson v. Bruce*, 248 Ga. App. 733, 737 (3) (548 SE2d 638) (2001).

A return of service can only be set aside upon evidence which is not only clear and convincing but the strongest of which the nature of the case will admit. *Franchell v. Clark*, 241 Ga. App. 128, 130 (3) (524 SE2d 512) (1999). The trial court, as factfinder, resolves conflicting evidence regarding proper receipt of service. Id. at 131, citing *Whatley's Interiors v. Anderson*, 176 Ga. App. 406, 407 (2) (336 SE2d 326) (1985).

The trial court here resolved those conflicts in favor of debis and such a decision is affirmed when supported by any evidence. *Franchell*, supra at 131. There was sufficient evidence here and there was no error in the trial court's findings.

*Judgment affirmed. Adams, J., concurs. Barnes, J., concurs in the judgment only.*

DECIDED SEPTEMBER 15, 2003 — 

Douglas Smith, *pro se.*
*Rachelson & White, Lesley Annis*, for appellee.

