Cynthia **WILLIS**, et al., Plaintiffs,

v.

The **MAYOR AND ALDERMAN OF THE CITY OF SAVANNAH**, et al., Defendants.

Case No. CV409–127.

United States District Court,
S.D. Georgia,
Savannah Division.

Feb. 23, 2011.

Linnie L. Darden, III, Jones, Osteen, Jones & Arnold, Hinesville, GA, W. Lamar Fields, Fields Law Firm, Savannah, GA, for Plaintiffs.

Patrick T. O'Connor, Jacob D. Massee, Oliver Maner, LLP, Malcolm MacKenzie, III, Peter A. Giusti, Anthony Robert Casella, Weiner, Shearouse, Weitz, Greenberg & Shawe, LLP, James Benjamin Blackburn, Savannah, GA, City of Savannah, for Defendants.

### ORDER

G.R. SMITH, United States Magistrate Judge.

Plaintiffs move to amend their complaint to reflect a defendant's proper name. Doc. 54. Some background: This 42 U.S.C. § 1983, excessive force case arises from an attempted traffic stop in Savannah, Georgia, in which "robbery-detail" police stopped David Willis's vehicle. Doc. 32 at 3–7 (Joint Status Report; its facts are accepted here as true for the purpose of this Order). According to the police, Willis tried to run an officer down as he approached Willis's car, so the officer fatally shot him. *Id.* at 6–7. Plaintiffs (Willis's estate, children, and an adult passenger), in contrast, insist that Willis did no such thing and that he was fatally shot for no valid reason. *Id.* at 5–6.

Through various motions the defendants have been trying to whittle away at plaintiffs' case. Exploiting plaintiffs' lassitude, for example, defendants successfully moved to strike plaintiffs' expert witness. Doc. 42, *reconsideration denied,* doc. 71. They have also filed motions for Judgment on the Pleadings, docs. 50 & 51, along with three summary judgment motions. Docs. 58, 60, & 61.

Amongst plaintiffs' various responses to the foregoing include their motion "for leave to amend the Complaint to correct the name of the municipal corporation informally known as the City of Savannah to The Mayor and Aldermen of the City of Savannah." Doc. 54. The City had claimed that plaintiffs sued it as "The City of Savannah" and not by its formal name, "The Mayor and Aldermen of the City of Savannah." Doc. 50 at 3. It thus seeks judgment against plaintiffs on that basis. *Id.* at 5. Plaintiffs want to amend to correct that defect. Doc. 54.

The City, which has never shown legal prejudice from not being called by its formal name, was told a *quarter century* ago that its "wrong-name" dog won't hunt (though it used to, before Georgia law changed):

> Thus, dismissal of appellant's claims against the City is not authorized on the ground that appellant named the "City of Savannah," rather than the "Mayor and Aldermen of the City of Savannah" because a misnomer in a defendant's name is an amendable defect and the record fails to reflect that the trial court exercised its discretion in determining whether to allow appellant to amend his complaint in this respect. *See Atlanta Veterans Transp. v. Westmoreland,* 123 Ga.App. 466, 181 S.E.2d 504 (1971).

*Harper v. Savannah Police Dept.,* 179 Ga. App. 449, 450, 346 S.E.2d 891 (1986).[1]

Still, laxity can cost. *Woods v. Belvedere Park Apartments,* 225 Ga.App. 613, 613, 484 S.E.2d 242 (1997) (plaintiffs' failure to move to amend complaint in order to correct failure to name any proper legal entity as party defendant warranted dismissal even if error might have been amendable, in light of evidence that plaintiffs were on notice of issue throughout litigation; answer asserted that apartment

---

1. Attorney James B. Blackburn represented the city then, 179 Ga.App. at 451, 346 S.E.2d 891, and, as reflected by this case's docket sheet, continues to do so now.

building named in complaint as only defendant might not be proper legal entity, and issue was raised again in motion to dismiss); *see generally* DAVIS AND SHULMAN'S GEORGIA PRACTICE AND PROCEDURE § 4:2 (*Real party in interest*) (2010).

While it is true that the plaintiffs here could have sought to cure the defect sooner, nevertheless it remains cosmetic. And in the Court's memory[2] it is the City that constantly exploits its cumbersome, archaic name to trip-up litigants while *never once* showing any real prejudice.[3] The Court therefore **GRANTS** plaintiffs' motion to amend. Doc. 54. The Clerk shall amend the docket caption to reflect that plaintiffs are suing the "Mayor and Aldermen of the City of Savannah." In addition, the Court has amended the caption above; all subsequent filings shall conform. The City, meanwhile, is directed to *stop* wasting this Court's time with its "appellational" defense.

---

2. *See, e.g., Kicklighter v. City of Savannah,* CV402–199 doc. 14 at 3 (S.D.Ga. Sep. 25, 2002); *Smith v. City of Savannah,* CV404–134 doc. 5 at 1; doc. 12 (S.D.Ga. Nov. 30, 2004).

3. The City's counsel should reconsider the constant drain on judicial resources exacted by what is, at bottom, a paper-churning, taxpayer-dollar-wasting defense. *Cf. Byrne v. Nezhat,* 261 F.3d 1075 1129 n. 103 (11th Cir.2001) ("Lawyers being compensated by the hour may have little incentive to curb the use of shotgun pleadings and the discovery disputes that inevitably result"), cited in *Bush v. Smith,* 2007 WL 1521596 at *2 n. 1 (S.D.Ga. May 23, 2007). As the *Woods* case shows, the City can simply abstain from raising (and thus waive) the defense, especially where the plaintiff understandably names it as what it is: The City of Savannah. No one can reasonably claim confusion over who is being sued—the *City* of Savannah—when that appellation is utilized.