**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**July 13, 2015**

# In the Court of Appeals of Georgia

A15A0142. ROBINSON v. THE ESTATE OF WALTER JESTER
  et al.

A15A0143. MAYES v. THE ESTATE OF WALTER JESTER et al.

MCFADDEN, Judge.

These appeals arise from trial court orders granting defense motions for
summary judgment.[1] Because the trial court erred in finding that the lawsuits are
barred by the statute of limitations, we reverse.

> Summary judgment is appropriate when there is no genuine issue
> of material fact and the movant is entitled to judgment as a matter of
> law. In reviewing the grant or denial of a motion for summary judgment,
> we apply a de novo standard of review, and we view the evidence, and
> all reasonable conclusions and inferences drawn from it, in the light
> most favorable to the nonmovant.

*MARTA v. Maloof*, 304 Ga. App. 824 (698 SE2d 1) (2010) (citation omitted).

---

[1] Appellees' motions to dismiss the appeals are hereby denied.

So viewed, the record shows that on February 12, 2010, Walter Jester was involved in an automobile accident with Appellants Walter Robinson and Eric Mayes. Unbeknownst to Robinson and Mayes, Jester died on October 30, 2011. On December 22, 2011, Robinson and Mayes filed personal injury actions against Jester arising out of the accident. Robinson and Mayes subsequently learned of Jester's death when the sheriff was unable to perfect service of process. On February 1, 2012, Robinson and Mayes moved to add Jester's then-unrepresented estate as a defendant and the trial court granted the motions. On February 23, 2012, Edward Bullard was appointed as administrator of Jester's estate. Four days later, on February 27, 2012, Robinson and Mayes filed their amended complaints which averred, among other things, that Jester was deceased, that Bullard was the administrator of the estate and could be served with the complaint, and that damages for Jester's negligence could be satisfied by the estate property. On February 28, 2012, Bullard, as administrator of Jester's estate, acknowledged service of the complaints.

The two-year statute of limitations for Robinson's and Mayes' personal injury actions, OCGA § 9-3-33, was tolled between Jester's death and the appointment of the estate administrator, OCGA § 9-3-92. It therefore expired on June 25, 2012.

2

Thereafter, on January 14, 2013, Robinson and Mayes moved the court for permission to amend their complaints a second time to add Bullard as a defendant, and the trial court granted the motions. On January 28, 2013, Robinson and Mayes filed amended complaints identifying Bullard, in his capacity as administrator of the estate, as a defendant. The amended complaints were virtually identical to the previous amended complaints, again averring that Jester was deceased, that Bullard was the administrator of Jester's estate, and that the estate administrator was liable for paying damages for Jester's negligence.

On July 8, 2013, Robinson and Mayes (for reasons not apparent from the record or relevant to this appeal) voluntarily dismissed their lawsuits without prejudice. On August 21, 2013, Robinson and Mayes filed the instant lawsuits against the estate of Jester and Bullard as renewals of their previously dismissed actions.

The defendants moved for summary judgment. The trial court granted the motions, finding that the original lawsuits were nullities and could not be amended because they had initially been filed against Jester after he was deceased, that the instant lawsuits thus were not proper renewal actions, and that the statute of limitations had expired and barred filing suit against the estate and administrator Bullard. Robinson and Mayes appeal.

3

The trial court correctly noted that in Georgia a deceased person cannot be a party to legal proceedings. *Cox v. Progressive Bayside Ins. Co.*, 316 Ga. App. 50, 51 (1) (728 SE2d 726) (2012). "Failure to name a legal entity as a party defendant, however, does not automatically result in dismissal. [Cit]" *Woods v. Belvedere Park Apts.*, 225 Ga. App. 613, 614 (484 SE2d 242) (1997). Prior to the enactment of the Civil Practice Act ("CPA"), earlier case law provided that "a suit brought by or against a party which was not a legal entity was a nullity and was not amendable. [Cit.] The changes wrought by the enactment of the CPA and the policy of the appellate courts to liberally construe the CPA, [cits.] render this pre-CPA line of cases inapplicable." *Harper v. Savannah Police Dept.*, 179 Ga. App. 449, 450 (3) (346 SE2d 891) (1986). Indeed, in *Block v. Voyager Life Ins. Co.*, 251 Ga. 162 (303 SE2d 742) (1983), the Georgia Supreme Court granted certiorari to answer the question of whether, under the CPA, pleadings may be amended to substitute a party when the suit is filed in the name of a party which is not a legal entity. The Supreme Court explained that "[t]he Court of Appeals answered this question in the negative based upon holdings of this court prior to the adoption of the Civil Practice Act, and a line of cases following those decisions. We now reverse and hold that such amendments are proper." Id. (citation omitted).

Accordingly, in the instant case, even though Robinson and Mayes originally brought suit against a party that was not a legal entity, such actions could be amended to substitute a proper party. "Under O.C.G.A. § 9-11-15 (c), it is permissible to amend the original pleadings so as to change the party against whom a claim is asserted[.]" *Franklyn Gesner Fine Paintings v. Ketcham*, 252 Ga. 537, 538 (314 SE2d 903) (1984) (citation omitted). Under that provision,

> A plaintiff who has sued the wrong defendant may move to amend [his] pleading after the statute of limitation has run and that amendment will relate back to the time of the original pleading if the proper defendant has received actual notice and knew or should have known that, but for plaintiff's mistake, it would have been the party sued. Moreover, where the real defendant has been served but the papers refer to that defendant by an incorrect name, the plaintiff has the right to amend to correct the misnomer.

*Woods*, supra (citations and punctuation omitted).

In this case, Robinson and Mayes, with the trial court's permission, first amended their complaints in February 2012, prior to the June 2012 expiration of the statute of limitations, to add Jester's estate as a defendant. Generally, an estate is not itself a legal entity which can be a party to legal proceedings, and instead "[a]n action by or against an estate must be brought or defended by the legal representative of the estate." *McCarley v. McCarley*, 246 Ga. App. 171, 172 (539 SE2d 871) (2000)

5

(citations omitted). However, a review of the substance of the amended complaints actually shows that Bullard, as administrator of the estate, was properly identified and served as the defendant in the case. While Bullard was not named in the caption of the amended complaints, as recounted above, the February 2012 amended complaints expressly stated that Jester was deceased, that Bullard was the administrator of the estate who could be served with the complaint, and that recovery of damages could be had from the assets of the estate.

Under similar circumstances, where the caption of a complaint named only the deceased as a defendant, and not the executrix of his estate, we held that the substance of the complaint nevertheless revealed that the "claims were not actually asserted against the deceased . . . , but focused on the estate and [the executrix]." *Anderson v. Bruce*, 248 Ga. App. 733, 736 (2) (548 SE2d 638) (2001) (citation omitted). As explained in that case:

> The names of the parties to an action must appear either in the caption of the petition or in the body thereof. Courts refrain from attaching too much importance to the merely formal parts of a complaint and construe pleadings so as to do substantial justice. Substance, rather than nomenclature, controls. Thus, the character in which a party is sued may be determined from the substance of the allegations of the petition, considered in its entirety.

Id. at 735-736 (2) (citations and punctuation omitted).

6

In this case, the substance of the allegations of the amended complaints of February 2012 clearly asserted claims against the estate and Bullard as administrator of the estate. Thus, prior to the expiration of the statute of limitations, the proper defendant, with the court's permission, was actually added as a party and served with the complaints. Under these circumstances, we conclude that the trial court properly allowed Robinson and Mayes to amend their pleadings. "[T]he important thing to remember is that under the Civil Practice Act a party is to be given notice and the opportunity to amend defective pleadings where such notice will facilitate decision on the merits. The Civil Practice Act does not penalize a party irrevocably for one misstep in pleading." Id. at 738 (3) (citation omitted). See also OCGA § 9-11-15 (a) (leave of court to amend pleadings shall be freely given when justice so requires).

Moreover, even if the first amended complaints were deemed to name the wrong defendant, in January 2013, after expiration of the statute of limitations, Robinson and Mayes amended their complaints, with the court's permission, to expressly add estate administrator Bullard as a defendant. The CPA authorizes such amendments.

> Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the

date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

OCGA § 9-11-15 (c).

Here, Bullard received actual notice of the actions and thus will not be prejudiced in maintaining a defense, and he knew or should have known that but for any mistake concerning the identity of the proper party, the actions would have been brought against him as administrator of Jester's estate. Thus, the January 2013 amendments related back to the date of the original pleadings filed before the statute of limitations.

> We can see no injustice in permitting the amendment to the pleadings here so as to substitute as the party [defendant the administrator of the estate] – the real party in interest – for the [deceased] individual. . . . No problem of service exists. . . . The defendant was not misled or deceived. . . . [W]e hold that [the amendments were] authorized under the liberal policy of the CPA.

*Franklyn Gesner Fine Paintings*, supra at 539-540.

8

Because the original actions were commenced prior to expiration of the statute of limitations, they were subject to renewal after Robinson and Mayes voluntarily dismissed them without prejudice. OCGA § 9-2-61 (a) provides:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state or in a federal court either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once.

Here, Robinson and Mayes filed the renewal actions less than two months after they had dismissed their original actions. Consequently, contrary to the trial court's ruling, the renewal actions were proper and are not barred by the statute of limitations.

*Judgments reversed. Ellington, P. J., and Dillard, J., concur.*

9