# Court of Appeals
# of the State of Georgia

ATLANTA,  August 09, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1075.  EDDIE JEROME STREETER et al. v. CITY OF ALBANY.**

Eddie Jerome Streeter and Allen Edward Alford filed suit against the City of Albany ("the City") and two unidentified City law-enforcement officers, "John Doe" and "Mary Roe," asserting, in 18 counts, claims for negligent hiring, training, supervision, and retention; negligent entrustment; respondeat superior; excessive force; and deprivation of property. The City filed a motion to dismiss the claims against it for negligent hiring, training, supervision and retention, negligent entrustment, and respondeat superior for lack of subject matter jurisdiction. The City also filed a separate motion to dismiss the claims against it for excessive force and deprivation of property for failure to state a claim upon which relief could be granted. On October 10, 2017, the trial court granted both the City's motions and dismissed the first ten counts of the complaint. The order was silent as to the remaining eight counts. Streeter and Alford then filed the instant direct appeal. We, however, lack jurisdiction.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Although the trial court dismissed Streeter and Alford's claims against the City, their claims against the unidentified law-enforcement officers have not been adjudicated.[1] "In such circumstances, there must

---

[1] The officers remain, at this time, unidentified. But if and when the plaintiffs discover their identities, under OCGA § 9-11-15 (c), they may "amend the original

be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." *Id.* (punctuation omitted).

The trial court's order in this case did not direct the entry of judgment pursuant to OCGA § 9-11-54 (b). Therefore, the challenged order is not a final order, and it is appealable only through the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 730 (776 SE2d 663) (2015); *Johnson*, 192 Ga. App. at 629. Streeter and Alford's failure to follow the proper appellate procedure deprives us of jurisdiction to consider this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta, 08/09/2018*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*


              *, Clerk.*

---

pleadings so as to change the party against whom a claim is asserted." *Robinson v. Estate of Jester*, 333 Ga. App. 41, 43 (775 SE2d 569) (2015) (punctuation omitted). Moreover, for purposes of renewing a suit under OCGA § 9-2-61, an "original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit. . . . However, unless and until the trial court enters an order dismissing a valid action, it is merely voidable and not void." *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994); *see Milburn v. Nationwide Ins. Co.*, 228 Ga. App. 398, 400 (1) (a) (491 SE2d 848) (1997) (noting that plaintiff's "John Doe" action with service on his uninsured motorist carrier "constituted a valid, pending action on its face, and unless and until the trial court enters an order dismissing a valid action, it is merely voidable and not void") (punctuation omitted). Here, although the officers have not been served, service was perfected on the City. Accordingly, the suit is not void. And the trial court dismissed only the counts against the City; it did not dismiss the entire action.