# Court of Appeals
# of the State of Georgia

ATLANTA,  August 08, 2019

*The Court of Appeals hereby passes the following order:*

## A20A0031. MARTHA JACKSON v. GEORGIA DEPARTMENT OF TRANSPORTATION.

Martha Jackson filed a complaint against the Georgia Department of Transportation ("GDOT"), Reeves Construction Company, Inc. ("Reeves Construction"), and three unidentified individuals ("John Doe I, John Doe II, and John Doe III"), for injuries she sustained when she fell into a storm drain. She asserted a claim for negligence, and claims for negligent hiring, training, and supervision, against each defendant.[1] The trial court granted Reeves Construction's motion for summary judgment and dismissed Jackson's case against it with prejudice. The court later granted GDOT's motion to dismiss finding that GDOT had not waived its sovereign immunity. Jackson filed a timely notice of appeal seeking review of the trial court's grant of GDOT's motion to dismiss.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." (Punctuation omitted.) *Johnson v. Hosp. Corp. of America,* 192 Ga. App. 628, 629 (385 SE2d 731) (1989). Although Reeves Construction and GDOT were dismissed from the action, the trial court's orders are silent as to the remaining unidentified individuals. Jackson's claims against those individuals have therefore

---

[1] Jackson's amended complaint filed on February 12, 2018, does not assert any claims against John Doe I.

not been adjudicated.[2] "In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." (Citations and punctuation omitted.) Id.

The trial court's order in this case did not direct the entry of judgment pursuant to OCGA § 9-11-54 (b). Therefore, the challenged order is not a final order, and it is appealable only through the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b). *Shoenthal v. Shoenthal,* 333 Ga. App. 729, 730 (776 SE2d 663) (2015); *Johnson*, supra, 192 Ga. App. at 629. Jackson's failure to follow the proper appellate procedure deprives us of jurisdiction to consider this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   08/08/2019*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*

---

[2] The "John Doe" defendants remain, at this time, unidentified. But if and when the plaintiffs discover their identities, under OCGA § 9-11-15 (c), they may "amend the original pleadings so as to change the party against whom a claim is asserted." (Punctuation omitted.) *Robinson v. Estate of Jester*, 333 Ga. App. 41, 43 (775 SE2d 569) (2015). Moreover, for purposes of renewing a suit under OCGA § 9-2-61, an "original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit. . . . However, unless and until the trial court enters an order dismissing a valid action, it is merely voidable and not void." *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994). Here, although the unidentified defendants have not been served, service was perfected on GDOT and Reeves Construction. Accordingly, the suit is not void. And the trial court dismissed the complaint against GDOT and Reeves Construction; it did not dismiss the entire action.